GULOTTA, Judge.
Defendant was convicted of forcible rape, LSA-R.S. 14:42.1, and sentenced to 40 years’ imprisonment. In his assignments of error, defendant contends the trial judge erred in denying the defendant’s motion for a mistrial based on remarks made at trial and in imposing an excessive sentence. We affirm.
Forcible rape is defined in LSA-R.S. 14:42.1 as:
*697 . rape committed where the anal or vaginal sexual intercourse is deemed to be without the lawful consent of the victim because the victim is prevented from resisting the act by force or threats of physical violence under circumstances where the victim reasonably believes that such resistance would not prevent the rape.”
During the early morning hours of July 29, 1984, the victim in this case, a visiting travel agent, went with a group of other travel agents to the French Quarter. While there she met and talked with defendant for approximately IV2 hours. At about dawn, the victim, accompanied by defendant, left a night club and went to take some photographs of St. Louis Cathedral. Pupo attempted to kiss the victim, but she refused and began to walk away. He grabbed her by the wrist and forced her down an alley next to the cathedral. Defendant then threatened her if she resisted his efforts to engage in sexual intercourse. Pupo struck the victim in the face when she tried to talk to him arid again with greater force when she attempted to summon help. Fearing for her safety if she resisted further, the victim acceded to defendant’s demands. Pupo then forced the victim to engage in sexual intercourse and oral sex.
Defendant was apprehended by a police officer at the scene either during or immediately after the act. This officer heard Pupo threaten the victim and observed her facial bruises and marks. Another police officer arrived on the scene shortly thereafter and noticed the victim was in a traumatized state.
Based on the foregoing, we conclude, viewing the evidence in a light most favorable to the prosecution, that any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).
Furthermore, a review for errors patent indicates the trial judge failed to include the prohibition against probation, parole, or suspension of sentence for at least two years as required by LSA-R.S. 14:42.1 in sentencing defendant. However, in State v. Jackson, 452 So.2d 682 (La.1984), the Supreme Court held that when a defendant appeals, errors favorable to that defendant discovered in an errors patent search will not be corrected. State v. Sennette, 462 So.2d 675 (La.App. 4th Cir.1984).
ASSIGNMENT OF ERROR 1
Defendant claims in this assignment that the trial judge erroneously denied his motion for a mistrial.
LSA-C.Cr.P. Art. 770 provides, in pertinent part, that upon defendant’s motion, a mistrial shall be granted when the Judge, District Attorney or a court official in the presence of the jury makes a prejudicial remark relating to race, religion, color or national origin, or refers to another crime committed or alleged to have been committed by the defendant and as to which the evidence is not admissible.
LSA-C.Cr.P. Art. 771 requires only an admonition if a prejudicial statement is made to the jury by one other than a District Attorney, Judge or court official.
Defendant claims he is entitled to a mistrial because of prejudicial remarks made by an immigration agent witness during the course of the trial.
In this connection, defendant testified that he had lived in the United States for a period of 12 years, having first arrived in this country from Cuba in 1971. The immigration agent was called to rebut defendant’s testimony regarding when he entered the United States. This officer testified as follows:
Q. So, as far as the Immigration Department is concerned, that man, Pupo, came to the United States May 25, 1980 in the so called Freedom Flotilla?
A. I think it was the 27th. I think so, but it was in May of 1980.
Q. After Pupo arrived in Key West, where did he go from there?
A. I’d have to refer to the information in my file, but I believe he was sent by *698 Immigration to what they call a refugee center which was kind of a — what you’d call it — a settlement camp, Fort Indian-town Gap which was more or less a prison. It is set up as a prison to hold Cuban refugees who had criminal records or admitted being in prison in Cuba. (Tr. 89-90)
According to defendant, because an immigration officer is a “court official”, prejudicial remarks made by this official mandate a mistrial.
If an investigating officer is deemed to be a court official, defendant’s position would have merit. However, our courts have held that a police officer is not considered as such an official. State v. Hayes, 414 So.2d 717 (La.1982); State v. Carter, 412 So.2d 540 (La.1982); State v. Lewis, 353 So.2d 703 (La.1977); State v. Fowlkes, 352 So.2d 208 (La.1977). Because we place a police officer in the same or similar category with an immigration officer, we conclude that objectional statements made by an immigration officer do not compel a mistrial and that LSA-C.Cr.P. Art. 770 is not applicable. The remarks in the instant case more properly fall within the realm of LSA-C.Cr.P. Art. 771, which requires an admonition to the jury, making the granting of a motion for mistrial within the discretion of the trial judge. Considering that this testimony was elicited by the State for rebuttal purposes and considering also the nature and context of that testimony, we deem the admonition by the trial judge to be sufficient. Accordingly, we find no abuse of the trial court’s discretion when he denied the motion for mistrial. We hasten to point out that the defendant asked for either an admonition or a mistrial. The admonition was sufficient in this instance.
ASSIGNMENT OF ERROR 2
Defendant contends the 40 year maximum sentence imposed by the trial judge is excessive.[1]
When the trial judge imposed the maximum sentence, he stated:
“There is no question in my mind that you raped her. No question in my mind. All right. Sir, there' are alot of immigrants that come into this country. And they have been very successful. And they have been good citizens. You came from Cuba in 1980, it is my understanding, in the boat lift. And you have violated the conditions whereby you live in this country free. You know, on the Statue of Liberty they talked about, ‘give me your downtrodden, and your poor, but they didn’t say bring me your criminals. And I think you are a criminal. The sentence of this court is to sentence the defendant to forty years in the Department of Corrections, credit for time served.”
In response to a defense request for reasons for sentence, the trial judge further commented:
“The reasons the violation itself, which was a traumatic situation. And from the presentence report, it is my understanding that the injuries imposed by this man. is something that the woman is still suffering from. She’s still under psychiatric treatment, still traumatized by the event. Based upon that, and based upon the fact that it seems that man had a problem with .the law before — minor problems. He’s only been in this country for a short period of time. There was a theft, in Morgan City, of one hundred dollars. I don’t know what happened to that particular event. And this man has indicated, sometime in the past, that he was incarcerated in Cuba. He indicated that. Now, what he was incarcerated in Cuba for, I don’t know. And the Department of Corrections did not find that out about that. That is my sentence. If the Court of Appeals feels it’s excessive, they can change it. But, I think the penalty fits the crime in the situation. And I think, it’s not only the penalty that *699 this woman has to suffer. I saw the trauma of her, and of her husband in this courtroom. And they have to live with that for the rest of their lives. Remand the defendant.”
LSA-C.Cr.P. Art. 894.1 is satisfied, without the necessity for remand, where the evidence in the record clearly shows the considerations taken into account and the factual basis for the sentence. State v. Telsee, 425 So.2d 1251 (La.1983). In the instant case, the trial judge did not enumerate the factors listed in LSA-C.Cr.P. Art. 894.1. He did, however, articulate a number of aggravating circumstances including the trauma suffered by the victim and her continuing psychiatric treatment at the time of the sentencing. The record further reveals that the victim suffered a black eye, a bruise on the cheek, a mark on her back and a tear of the female organ. The record further indicates that defendant was linked to a theft of $100.00 in Morgan City.
Considering the nature of the crime and the injuries suffered by the victim in this case, we cannot say that the 40 year statutory maximum sentence imposed is constitutionally excessive.
Having so concluded, we affirm the conviction and sentence.
AFFIRMED.

. LSA-R.S. 14:42.1(B) provides in part:
“Whoever commits the crime of forcible rape shall be imprisoned at hard labor for not less than five nor more than forty years....”