WILLIAMS, Judge.
Defendant, Eric Laird, was charged by bill of information with the April 22, 1981, armed robbery of Herbert Hugle, the manager of Popeye’s Restaurant on the comer of N. Broad and Bienville Streets in the City of New Orleans, a violation of La.R.S. 14:64. On June 18, 1981, defendant was tried and convicted, by a jury, of the armed robbery of $735.00 from Mr. Hugle. The defendant was sentenced to 25 years at hard labor without benefit of parole, probation, or suspension of sentence. This sentence was subsequently vacated upon the motion and filing of a multiple offender bill by the State based upon the defendant’s 1979 plea of guilty to simple robbery. After adjudicating the defendant a second offender under La.R.S. 15:529.1, the trial court sentenced the defendant to serve 50 years at hard labor without benefit of parole, probation or suspension of sentence. This appeal is now before this court alleging errors patent on the face of the record and insufficiency of the evidence.
The record shows that defendant and an unidentified accomplice entered the Popeye’s Fried Chicken store at the comer of N. Broad and Bienville Streets in the City of New Orleans on the evening of April 22, 1981. Both men then drew guns and ordered the manager, Mr. Hugle, to open the cash registers and give them all the money he had. At this time, one of the employees of the store pressed a silent alarm button, alerting the New Orleans Police Department that a robbery was in progress. Mr., Hugle complied with defendant’s request to hand over his money and then was ordered into the back of the store to get money from one of two safes located in the store’s office. Mr. Hugle opened one safe and filled a bag full of currency and coins in the amount of approximately $625.00. Defendant then took the bag from Mr. Hugle and ordered him back to the front of the store where he finished emptying the cash registers. Defendant also robbed Mr. Hugle of his wallet containing approximately $25.00 in cash. Defendant handed over the bag of money to his accomplice and instructed him to go on ahead.
As defendant left the store, two New Orleans Police Department police cars pulled up at the scene of the robbery. The first officer to arrive and get out of his car saw defendant running from the front of' the store down Bienville Street and gave chase on foot. The second police officer followed in his police car to the New Orleans Public Service, Inc. (“NOPSI”) bus barn located on Iberville Street approximately two blocks from the scene of the robbery. The first police officer chased the defendant to the NOPSI bus barn and had him in view all the time until defendant reached the bus barn. The second officer who had followed defendant to the bus barn in his car, left his vehicle and conducted a foot search of the bus barn for the defend *971 ant. The defendant was apprehended and placed under arrest by a third officer, minutes after commission of the robbery.
The undisputed facts are that two employees of Popeye’s Fried Chicken were present during the robbery and positively identified defendant within minutes after the robbery. Further, two police officers observed defendant running from the store minutes after responding to the store’s silent alarm. Both officers saw defendant run into a NOPSI bus yard, and moments later, both officers identified defendant when he was pulled from underneath the bus. All witnesses identified the clothes defendant was wearing and both store witnesses confirmed the fact that he had a pistol during the commission of the robbery. Defendant, in the prosecution of his case, presented no witnesses. Accepting these undisputed facts in a light most favorable to the prosecution, any rational trier of fact could have found defendant guilty of armed robbery, beyond a reasonable doubt. See La.R.S. 14:64.
There are no errors patent as can be determined from the record. Although defendant made no motion for a new trial or directed verdict, nor filed assignments of error, the record has nevertheless been reviewed for sufficiency of the evidence. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Edwards, 400 So.2d 1370 (La.1981).
The conviction and sentence are affirmed.
AFFIRMED.