462 So.2d 675 (1984)
STATE of Louisiana
v.
Elwin SENNETTE.
No. KA-2242.
Court of Appeal of Louisiana, Fourth Circuit.
December 12, 1984.
On Rehearing December 19, 1984.
*676 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Kathy Lee Torregano, E. Sue Bernie, Asst. Dist. Attys., New Orleans, for plaintiff-appellee State of La.
M. Craig Colwart, Orleans Indigent Defender Program, New Orleans, for defendant-appellant Elwin Sennette.
Before GULOTTA, KLEES and ARMSTRONG, JJ.
KLEES, Judge.
This is an appeal by Elwin Sennette from a conviction of possession of marijuana with intent to distribute in violation of LSA-R.S. 40:966. The single assignment of error for review is whether or not the trial court erred in allowing the state to introduce into evidence an inculpatory statement made by Sennette. We find that the trial court did not err in permitting the state to introduce the inculpatory statement. We affirm the conviction, vacate the sentence and remand the matter for resentencing for the reasons assigned.

FACTS
On January 6, 1984, Officers Dwight Deal and Earl Woolfolk of the New Orleans Police Department were conducting an undercover surveillance of the basketball court in the Iberville Housing Project at 1400 Conti Street in the City of New Orleans. The officers observed Sennette exchange a single, hand-rolled cigarette for money on three occasions. Following the last transaction, the buyer lit the cigarette and began to inhale it. The officers believed that this cigarette contained marijuana. At this same time, a radio call of a suspicious person in the 1400 block of Conti was broadcast over the police radio. Fearing that the increased police activity in response to this call would scare Sennette, the officers approached him. Sennette dropped the bag in his hand, which was retrieved by the officers. When it was found to contain marijuana cigarettes, Sennette was placed under arrest.
After being advised of his rights, Sennette was transported to the police station, then to Central Lockup. Both officers testified that Sennette, without inducement, threats or promises and not in response to interrogation, stated:
"Sure, man, I'm dealing joints, but I done changed a lot. You all ought to give me a break. I've changed a lot from what I used to do. You ought to give me a break".
Sennette testified at trial and denied possessing or selling the marijuana. Sennette claims that he was merely standing in the *677 basketball court and the bag of marijuana was four or five feet away from him. He also stated that he was not advised of his rights when arrested and he denied making any inculpatory statement.
Sennette was charged by bill of information on January 18, 1984, with possession with intent to distribute marijuana, a violation of LSA-R.S. 40:966. Sennette pled not guilty at his arraignment on January 20, 1984. Following a one-day trial on March 13, 1984, Sennette was found guilty as charged by a twelve member jury. On March 16, 1984, Sennette pled guilty to the multiple bill and was sentenced to serve six years with the Department of Corrections.

ERRORS PATENT
A review of the record for errors patent reveals that there are none. However, the trial court did not impose a fine as mandated by the penalty provisions of LSA-R.S. 40:966(B)(2). According to State v. Jackson, 452 So.2d 682 (La.1984), any error favorable to the defendant is not an error patent, discoverable by an inspection of the pleadings. As this issue was not raised on appeal we do not consider this error to be an "error patent" correctable by this court.

SUFFICIENCY OF EVIDENCE
Sennette was charged and convicted of possession with intent to distribute marijuana. Evidence presented at trial established that Sennette on three occasions, sold hand-rolled marijuana cigarettes to persons in the 1400 block of Conti Street. A paper bag containing marijuana cigarettes was dropped by him. When arrested, Sennette had twenty one-dollar bills in his pocket, and each marijuana cigarette sold for one dollar.
The standard for determining the sufficiency of evidence, as enunciated in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found that the essential elements of the crime were proved beyond a reasonable doubt. State v. Wright, 445 So.2d 1198 (La.1984). Here the evidence is sufficient to support Sennette's conviction. State v. Trahan, 425 So.2d 1222 (La.1982).

ASSIGNMENT OF ERROR
By Sennette's single assignment of error, he contends that the trial court erred in allowing the state to introduce into evidence his inculpatory statement made to Officers Woolfolk and Deal. Sennette specifically argues that LSA-C.Cr.P. Art. 768 prohibits the introduction of a defendant's confession or inculpatory statement in evidence, if the state fails to advise the defendant in writing, prior to beginning of the State's opening statement. This article, as amended, provides:
"Unless the defendant has been granted pretrial discovery, if the state intends to introduce a confession or inculpatory statement in evidence, it shall so advise the defendant in writing prior to beginning the state's opening statement. If it fails to do so, a confession or inculpatory statement shall not be admissible in evidence."
The record reflects that the defense was provided with discovery prior to trial. In pretrial discovery filed on January 23, 1984, Sennette filed requests for discovery and specifically requested information available under LSA-C.Cr.P. Article 716. LSA-C.Cr.P. Art. 716(B) provides:
B. Upon motion of the defendant, the court shall order the district attorney to inform the defendant of the existence, but not the contents, of any oral confession or statement of any nature, made by the defendant, which the district attorney intends to offer in evidence at the trial, with the information as to when, where and to whom such oral confession of statement was made.
On February 13, 1984, the state filed its answers to Request for Discovery and specifically informed the defendant that an inculpatory statement or confession was made at approximately 2:40 p.m., in the *678 police car enroute to Central Lockup, to Officers Woolfolk and Deal.
Even though the state sought to introduce an oral inculpatory statement but did not give notice of its intent, under LSA-C. Cr.P. Article 768, until after it had completed its opening statement, the statute was adequately complied with before trial. State v. Guiden, 399 So.2d 194 (La.1981), certiorari denied 454 U.S. 1150, 102 S.Ct. 1017, 71 L.Ed.2d 305 (1982).
Therefore, Sennette had notice of such inculpatory statement and that it was intended for use at trial by the District Attorney. The filing of the written "768 Notice" after the opening statement by the state was harmless error and not prejudicial to Sennette. State v. Quimby, 419 So.2d 951 (La.1982).
Applying the provisions of LSA-C.Cr.P. Art. 768, as amended, to the instant case, there is no error in allowing the inculpatory statement into evidence.
For the reasons assigned, the conviction of Elwin Sennette is affirmed. The sentence is vacated and the matter remanded to the trial court for resentencing in accordance with the law.
AFFIRMED IN PART
SENTENCE VACATED:
REMANDED FOR RESENTENCING.

ON REHEARING GRANTED
Ex proprio motu we grant rehearing. In our original opinion we stated that the failure on the part of the trial judge to impose a fine as mandated by the penalty provisions of LSA-R.S. 40:966(B)(2) was "an error patent" and not correctible by this court. Despite our conclusion, we remanded this matter to the trial court for resentencing by that court.
Upon reconsideration and in line with the pronouncements of the Louisiana Supreme Court in State v. Jackson, 452 So.2d 682 (La.1984), see also State v. Robertson, 459 So.2d 581 (La.App.1984) we now set aside that part of the decree which remands the matter to the trial court for resentencing.
Accordingly, the original decree rendered by this court on December 12, 1984 is rescinded, set aside and recast as follows:
For the reasons assigned, the conviction and sentence of Elwin Sennette is affirmed.
AFFIRMED.