463 So.2d 678 (1985)
STATE of Louisiana
v.
Eddie LIDDELL.
No. KA-1804.
Court of Appeal of Louisiana, Fourth Circuit.
January 11, 1985.
*679 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Kathy Lee Torregano, Asst. Dist. Atty., New Orleans, for plaintiff-appellee.
M. Craig Colwart, Orleans Indigent Defender Program, New Orleans, for defendant-appellant.
Before GARRISON, BARRY and LOBRANO, JJ.
BARRY, Judge.
Defendant was convicted of armed robbery, La.R.S. 14:64, and sentenced to 99 years at hard labor. His only assignment of error requests review for errors patent.
The minutes reflect that the trial court did not specify the sentence be served without benefit of parole, probation or suspension of sentence as mandated by La.R.S. 14:64. The failure to so specify renders the sentence unlawfully lenient. See State v. Telsee, 425 So.2d 1251 (La. 1983).
La.C.Cr.P. Art. 882 was amended by Act 587 of 1984 to provide:
An illegal sentence may be corrected at any time by the court that imposed the sentence or by an appellate court on review.
A sentence may be reviewed as to its legality on the application of the defendant or of the state:
(1) In an appealable case by appeal; or
(2) In an unappealable case by writs of certiorari and prohibition.
Nothing in this Article shall be construed to deprive any defendant of his right, in a proper case, to the writ of habeas corpus.
The sentencing transcript was not designated as part of the record for our review. Neither the defendant nor the state raised this issue on appeal; therefore, we amend the sentence to conform to R.S. 14:64.[1]
Although not assigned as error, we must review the sufficiency of evidence to support defendant's conviction. State v. Raymo, 419 So.2d 858 (La.1982). We are to determine whether any rational trier of fact, viewing the evidence in the light most favorable to the prosecution, could have found the defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).
In an armed robbery prosecution the State must prove that there was a theft of anything of value from the person of another or which was in the immediate control of another. The taking must be by use of force or intimidation while the perpetrator was armed with a deadly weapon. La. R.S. 14:64. According to La.R.S. 14:67, an intent to permanently deprive the other is requisite for the act to be a theft.
The defendant was positively identified by two women working at Shoe Town as the man who held a gun on them and took approximately $1,000.00 in cash and checks from the store's safe. Both women clearly saw the defendant during the robbery and picked him out of a physical lineup as well as a photographic line-up. One of three revolvers seized when defendant was arrested resembled the gun used in the robbery; the green deposit bag in the car in which defendant was riding at the time of his arrest resembled the one into which the robber stuffed the money.
*680 There was sufficient evidence to lead the jury, viewing the evidence in the light most favorable to the prosecution, to find defendant guilty of armed robbery beyond a reasonable doubt. State v. Rhome, 436 So.2d 602 (La.App. 4 Cir.1983); State v. Laird, 432 So.2d 969 (La.App. 4th Cir. 1983).
Defendant's conviction is affirmed and his sentence is amended to 99 years without benefit of parole, probation or suspension of sentence pursuant to La.R.S. 14:64.
AMENDED AND AFFIRMED.
LOBRANO, J., dissents.
LOBRANO, Judge, dissenting.
I respectfully dissent from that portion of the majority opinion which amends defendant's sentence. I am of the opinion that the reasoning of State v. Jackson, 452 So.2d 682 (La.1984) applies despite the recent amendment to Article 882 of the Code of Criminal Procedure. See, State v. Jarvis Davis, 463 So.2d 733 (1985), handed down this date.
NOTES
[1] See State v. Holmes, 462 So.2d 286 (1st Cir. 1984) which vacated an illegal sentence and imposed the statutory magic words.