KING, Judge,
dissenting.
I respectfully dissent.
As pointed out in Appendix A the sentence imposed upon the defendant is an unlawfully lenient sentence. Yet the majority refuses to set aside this unlawfully lenient sentence and remand the matter to the trial court with instructions to impose at least the mandated minimum legal sentence or to correct the sentence on appeal.
The trial court on resentencing only specified that five years of the fifteen year *1180 sentence was to be served without benefit of parole, probation or suspension of sentence in accordance with La.C.Cr.P. Art. 893.1. By law, where a firearm is used in the commission of attempted second degree murder, at least seven years of the fifteen year sentence must be served without parole, probation, or suspension of sentence and two of the years must be served without benefit of credit for good time. See La.C.Cr.P. Art. 893.1 and La.R.S. 14:95.2. The sentence imposed herein, which does not comply with the mandated minimum sentence of seven years to be served without benefit of parole, probation or suspension of sentence and without two years of the sentence to be served without credit for good time, is an illegal sentence and is an error patent on the face of the record. La.C.Cr.P. Art. 920; Cf. State v. Jackson, 452 So.2d 682 (La.1984).
The Louisiana Legislature, by Act 587 of 1984, amended Louisiana Code of Criminal Procedure Art. 882, to specifically permit an appellate court to correct an illegal sentence on review. One appellate court of this state has recognized that an unlawfully lenient sentence is an error patent on the face of the record and on appeal has corrected the sentence to the mandated minimum legal sentence, See, State v. Holmes, 462 So.2d 286 (La.App. 1st Cir.1984).
Justice demands that a defendant, upon conviction, receive at least the minimum mandated legal sentence provided by law for that crime. How is justice served when one man is convicted of a crime and correctly receives a mandated minimum legal sentence which he has to serve while another man convicted of the same crime receives and serves less than a mandated minimum sentence because the sentencing judge or the appellate judges erred. How can justice be considered fair when a defendant, who having been erroneously sentenced to less than a mandated minimum legal sentence for a crime, can escape having to serve at least, the mandated minimum legal sentence while others sentenced for the same crime have to serve the entire mandated minimum legal sentence. The whole idea of punishment, where the law mandates a minimum sentence, is to deter persons who would contemplate committing certain crimes and to set a minimum punishment for those persons who do commit those crimes. The Legislature, as elected representatives of our society, represents the will of the people in enacting laws to direct the courts to impose mandatory minimum sentences upon those persons convicted of certain crimes. Some social commentators have suggested that the lawmakers are reacting to the demands of society to enact laws mandating minimum sentences because of what society views as courts who are too “soft” in sentencing criminals.
How can society perceive the courts to be fair and evenhanded in administering justice when they see a defendant with an unlawfully lenient sentence, imposed without the legal mandated minimum sentence of “without the benefit of parole, probation or suspension of sentence,” not have his sentence corrected on appeal to the mandated minimum legal sentence when the defendant alone appeals, See State v. Jackson, supra; State v. Napoli, 437 So.2d 868 (La.1983), but see the same sentence corrected if the prosecution timely objects or brings the sentencing error to the trial or appellate court’s attention. See, State v. Jackson, supra; State v. Jimmerson, 432 So.2d 1093 (La.App. 3rd Cir.1983). Certainly society becomes even more disenchanted with the courts when a mandated minimum legal sentence imposed on a defendant by the sentencing court, where the defendant originally received an unlawfully lenient sentence, is set aside on appeal for the reason that the prosecution did not choose to seek or timely seek a mandated minimum sentence enhancement before the unlawfully lenient sentence was final and therefore the unlawfully lenient sentence cannot ever be corrected. See State v. Coleman, 465 So.2d 709 (La.1985).
Is not sentencing the exclusive province and duty of the Court? The judges of the Courts of this State are sworn by a constitutional oath of office to follow and support the Constitution and laws of this *1181 State. LSA-Const. of 1974 Art. 10, § 30; LSA-R.S. 42:52. A sentence imposed on a defendant either complies with the law of this State or it does not. Why should the prosecution have to ask the court to follow the laws of this State and do its sworn legal duty in imposing sentence? The court has no discretion in applying a mandatory law. Why should the court be prevented from correcting an unlawfully lenient sentence because the prosecution did not timely request the court to do its sworn legal duty to follow the law? The court has the duty to follow the law at all times. Why should correction of the sentence a defendant receives, when it does not comply with the law, depend on whether or not the defendant alone appeals or the prosecution timely acts. When the legislature of the State of Louisiana has mandated minimum legal sentences for certain crimes should not all defendants convicted of those crimes receive at least the same uniform mandated minimum legal sentence.
Our Supreme Court has indicated that the defendant who receives an unlawfully lenient sentence should be protected on appeal from receiving a lawful sentence when he requests relief on appeal and the correction of the sentence would result in his coming out of the appeal with a harsher sentence than he had going into the appeal. The Supreme Court reasons that to do otherwise would be retaliation or have the appearance of retaliation for a defendant exercising his right to appeal or because it might have a chilling effect on a defendant’s right to appeal. See, State v. Jackson, supra. How can this be where there is a mandated minimum sentence provided by law and everyone, including the defendant and the courts, knows what the minimum sentence is? Why should a defendant be “protected” from receiving a mandated minimum legal sentence? I submit that the whole idea of punishment, where the law mandates a minimum sentence, is to “protect” society and to create a “chilling effect” on persons who would contemplate committing certain crimes and to set a minimum punishment or “retaliation” on those persons who do commit those crimes. Society views such overly technical interpretation of laws, which their duly elected representatives have enacted, as absurd efforts by the courts to continue to “coddle” criminals by fashioning ways for them to escape mandated minimum punishment. Why should any defendant convicted of certain crimes escape a mandated minimum punishment for those certain crimes? Should not the Courts of this State recognize that our citizens, by having enacted criminal laws mandating minimum sentences, expect that all criminals committing certain crimes receive at least the mandated minimum sentences for those crimes.
I respectfully submit that all defendants convicted of the same crime should receive at least the same uniform mandated minimum sentence provided by law for that crime if the justice expected and demanded by the citizens of this State is to be done. The defendant in this case has not received such justice. Neither has society nor the man he tried to murder received such justice.
For the reasons set forth above I respectfully dissent from this Court’s failure to set aside and remand for correction or to correct on appeal the defendant’s illegal and unlawfully lenient sentence, which I believe to be an error patent on the face of the record.