REDMANN, Chief Judge.
Defendant appeals from his conviction and consecutive five-year sentences for three armed robberies. His three assignments of error are treated in an appendix not designated for publication.
Although the state did not raise the question by appealing, we note that one of the three consecutive sentences may be deemed an “illegal sentence,” in that it did not recite that it is to be served “without benefit of parole, probation or suspension of sentence,” as specified by R.S. 14:94.
State v. Jackson, 452 So.2d 682 (La.1984), reasons that a sentence whose illegality is favorable to the defendant may not be corrected on the defendant's appeal because of the “chilling effect” upon exercise of the right of appeal.
C.Cr.P. 882 was amended, subsequent to Jackson, to add that the court of appeal (like the trial court) could correct an illegal sentence “at any time.” This court, however, without mentioning C.Cr.P. 882, thereafter followed Jackson in State v. Sennette, 462 So.2d 675, (La.App. 4 Cir.1984), holding that the failure of the trial court to impose a mandatory fine, not appealed by the state, was not correctable on the defendant’s appeal.
Less than a month thereafter, this court by another panel, without reference to and *1105 evidently unaware of Sennette, handed down State v. Liddell, 463 So.2d 678 (La.App. 4 Cir.1985), which (also without reference to Jackson save in the dissent) corrected an illegally lenient sentence, on the basis that the amended C.Cr.P. 882 authorized the court of appeal to do so.
Liddell unknowingly violated this court’s internal rule that prohibits handing down a decision that would be inconsistent with a prior decision, and requires that it first be referred to the court en baric to decide whether the panel may overrule or must follow the earlier decision. When the question of illegality of the present sentence was raised by one of the judges on the panel in this appeal, the author referred this case to the court en banc, which (with Judges Barry, Byrnes, Ciaccio,. Ward, and Williams dissenting) disapproves Liddell on this point as erroneously decided.
We follow Sennette in following Jackson, notwithstanding the 1984 amendment of C.Cr.P. 882.
Affirmed.
BARRY, J., dissents in part.