483 So.2d 1105 (1986)
STATE of Louisiana
v.
Sidney BIENEMY.
No. KA-3273.
Court of Appeal of Louisiana, Fourth Circuit.
January 31, 1986.
*1106 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Maria M. Lazarte, Asst.
Dist. Atty., New Orleans, for plaintiff-appellee.
Henry P. Julien, Jr., New Orleans, for defendant-appellant.
Before REDMANN, C.J., and BARRY and LOBRANO, JJ.
BARRY, Judge.
The defendant was convicted of armed robbery, La.R.S. 14:64, and sentenced as a second offender to 33 years at hard labor. The trial court denied a pro se writ which urged the same issues as this out-of-time appeal.
On December 1, 1975 shortly after midnight the defendant and Anthony Hicks entered a lounge owned by Milton Toles. Toles' daughter was tending bar and three customers were present. Hicks put a gun to Toles' head and told his daughter to open the cash register. The defendant jumped across the bar and removed approximately $70.00. Hicks took the wallets and watches of the owner and a customer. As the robbers backed out of the lounge Toles fired one shot. The robbers fled on foot but Toles captured the defendant several blocks from the lounge and held him for police.
Defendant's original motion for appeal was filed in 1976, however, the order was never signed. In 1983 the defendant learned no appeal was pending and filed a motion for appeal which was granted. The appeal order was entered on September 13, 1983 and this court has appellate jurisdiction. La. Const. Art. V § 5(E).
Defendant's two assignments of error argue that he did not have effective counsel at trial or on appeal. Such a claim is more properly raised by application for post conviction relief in the district court; however, the record is complete and the issues will be disposed of. State v. Seiss, 428 So.2d 444 (La.1983); State v. Sly, 443 So.2d 1163 (La.App. 4th Cir.1983).
A two-pronged test to assess effectiveness of counsel was enunciated in *1107 Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984):
First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.
The defendant must show a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is one sufficient to undermine confidence in the outcome. Strickland v. Washington, supra; State v. Robinson, 461 So.2d 403 (La.App. 4th Cir.1984).
The record contains testimony from three eyewitnesses who identified the defendant, plus the police officer who took custody of the defendant from Toles. The defendant contends no witnesses were called on his behalf, only two objections were raised during trial, and trial was held within five weeks which did not allow time to prepare. Defense counsel, appointed more than a month before trial, filed pretrial motions and actively participated in the trial.
We find no indication that defendant's counsel was unprepared or deficient. The purported errors fall within the ambit of trial strategy, the failure of which does not establish ineffective assistance of counsel. State v. Felde, 422 So.2d 370 (La.1982), cert. denied 461 U.S. 918, 103 S.Ct. 1903, 77 L.Ed.2d 290 (1983). See generally Murray v. Maggio, 736 F.2d 279 (5th Cir.1984).
Nor has the defendant demonstrated that the alleged errors deprived him of a fair trial. Hence, the Strickland two-pronged test is not satisfied.
Defendant's second assignment as to timely preparation of his appeal has merit. Defense counsel filed a motion for appeal on February 6, 1976 but failed to pursue the appeal and this amounts to ineffectiveness. State v. Simmons, 390 So.2d 504 (La.1980).
However, the defendant has been granted this out-of-time appeal which is the appropriate remedy.
In reviewing the record for errors patent, La.C.Cr.P. Art. 920(2), we note the record does not indicate whether the defendant was present for arraignment. If not, this is harmless error since a not guilty plea was entered. State v. Charles, 450 So.2d 1287 (La.1984).
Although the sentencing transcript was not designated for review, the minutes reflect the trial court did not specify the sentence be served without benefit of parole, probation or suspension of sentence as mandated by La.R.S. 14:64. Neither the State nor the defendants raised this issue on appeal.
Because of our opposite holdings in State v. Sennette, 462 So.2d 675 (La.App. 4th Cir.1984) and State v. Liddell, 463 So.2d 678 (La.App. 4th Cir.1984), the issue of whether such an error can be corrected on appeal (under these facts) was submitted to the court en banc. A majority[1] decided that the error is not a correctable "error patent". State v. Jackson, 452 So.2d 682 (La.1984); State v. Sennette, supra.
Defendant's conviction and sentence are affirmed.
AFFIRMED.
NOTES
[1] Judges Redmann, Gulotta, Schott, Garrison, Klees, Lobrano and Armstrong voted to follow State v. Sennette, supra, as the law of this circuit. Judges Barry, Byrnes, Ciaccio, Ward and Williams decided that C.Cr.P. Art. 882 permits correction and would follow State v. Liddell, supra.