498 So.2d 723 (1986)
STATE of Louisiana
v.
Shedrick L. DAVIS.
No. 85-K-1739.
Supreme Court of Louisiana.
November 24, 1986.
*724 Dwight Doskey, Orleans Indigent Defender Program, New Orleans, for defendant-applicant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., A. Hammond Scott, Michael McMahon, Pamela S. Moran, Asst. Dist. Attys., for plaintiff-respondent.
LEMMON, Justice.[*]
The sole issue raised by defendant as grounds for reversing his conviction of armed robbery is that he was denied his constitutional right to present a defense when the trial judge refused to allow the introduction of evidence of a prior inconsistent statement by the robbery victim (that she could not identify the robber) because defense counsel had not questioned the victim about the prior inconsistent statement and then refused to allow the victim to be recalled for that purpose. Because this case depended almost entirely on the victim's first identification of defendant as the robber nine months after the robbery, and because the victim was available and could have easily been recalled for the one or two foundation questions required by statute, we conclude that it was fundamentally unfair and an abuse of discretion for the judge to disallow defendant's recalling the victim in order to exercise his constitutional right to present a defense. We accordingly reverse the conviction and remand for a retrial.
The robbery occurred about noon at a bus stop. A tall black man, with a gun wrapped in a newspaper, took several gold chains, a monogram ring and a dragon-shaped medallion from the fifteen-year old victim. The police searched the neighborhood, but found no trace of the robber.
About nine months later, the victim saw defendant in a game room wearing a dragon-shaped medallion and called her father.
*725 Upon questioning by the father, defendant stated that the medallion was a gift from his girlfriend. When the father asked another daughter to call the police, defendant put the medallion in his pocket and left the premises after a struggle with the victim's father. Defendant was arrested later that day, and the monogram ring was seized.
The key issue at trial was identification. The only direct evidence on this issue was the testimony of the victim, the sole eyewitness to the robbery, who identified defendant as the man who robbed her nine months before the confrontation in the game room.[1] Other evidence bearing on defendant's identity as the robber was his possession of the medallion and the monogram ring.
During cross-examination, the victim denied that she had told either the police or her friends and relatives that she had not seen the robber's face, but had only seen his arms which were covered with scars like track marks. She also denied that she had noticed any marks on the robber's arms or that she had mentioned such marks in recounting the incident.
The defense presented two witnesses who were present at the victim's aunt's house after the robbery. They testified that they heard the victim say that the robber had scars and marks on his arms as if he were a drug user and that she could not identify his facial features because he had grabbed her from behind without her seeing his face. When the defense called another witness and asked him to relate the details of a conversation overheard by the witness between the victim and the prosecutor, the trial judge interrupted, although there was no objection raised by the prosecutor, and stated that no foundation had been laid to impeach the victim regarding statements to the prosecutor. The judge, in addition to refusing to permit further questioning along this line, also denied defense counsel's request to recall the victim for the purpose of laying the proper predicate.
On appeal, the intermediate court noted that defense counsel had ample opportunity to question the victim about the conversation during the extensive cross-examination, but failed to lay a predicate for the later questioning of the defense witness. Holding that the trial judge ruled correctly in cutting off subsequent questioning of the defense witness as to the statement in the absence of the required predicate, the court affirmed the conviction. 474 So.2d 464 (La.App. 4th Cir.1985). We granted certiorari to review the correctness of this holding. 477 So.2d 1115 (La.1985).
Generally, a witness' credibility may be impeached by the use of a prior inconsistent statement, but the witness must first be asked about having made the statement in a question which gives the substance of the statement and names the time, the place and the person to whom the statement was made.[2] La.R.S. 15:493. The purpose of the foundation requirement is not to exclude unreliable or otherwise objectionable evidence, but rather to avoid surprise and to insure that the witness has a fair opportunity to explain the inconsistency. McCormick on Evidence § 37 (E. Cleary 3rd ed. 1984); State v. Heard, 408 So.2d 1247 (La.1982).
Because this advance requirement is "supremely easy to overlook", it has frequently served as a trap. McCormick, supra. Accordingly, the Federal Rules of Evidence and the Revised Uniform Rules of Evidence have changed the foundation requirement *726 and now permit introduction of a prior inconsistent statement without such a foundation, as long as the opposing counsel is later afforded an opportunity to have the witness explain the inconsistency. See Fed.R.Evid. 613(b) (1974); see also Pugh & McClelland, Developments in the Law, 1979-80 Evidence, 41 La.L.Rev. 595, 608 (1981).
In Louisiana, laying a foundation remains a statutory requirement for the introduction of a prior inconsistent statement.[3] Nevertheless, the right to present a defense is a fundamental constitutional right in a criminal case. La. Const. Art. I § 16 (1974). Therefore, a trial judge in a criminal case should protect against the technical loss of the basic constitutional right to present reliable and otherwise admissible evidence simply because defense counsel inadvertently failed to ask the simple foundation questions in advance of offering evidence of a prior inconsistent statement.
Under the circumstances of this particular case, allowing the defense to recall the victim for a simple admission or denial of the statement would have consumed very little court time and would have caused no prejudice to the prosecutor.[4] Alternatively, the trial judge could have allowed introduction of the evidence of the prior inconsistent statement and afforded the prosecutor an opportunity on rebuttal to have the victim (who was still available) deny the statement or explain the inconsistency. Either procedure would have been eminently fair to both sides, and the purpose underlying La.R.S. 15:493 to insure that the witness has an opportunity to explain any inconsistency would have been substantially satisfied. On the other hand, excluding the evidence altogether not only greatly prejudiced the defense, but also distorted the purpose of the statute. Virtually the entire case for the prosecution rested on the strength of the victim's identification, and the exclusion of any significant evidence undermining that identification infringed on defendant's constitutional right to present a defense without serving any useful purpose. Under these circumstances, we conclude that the trial judge abused his discretion when he refused to permit the victim to be recalled for the purpose of laying the statutorily required foundation.
Inasmuch as the evidence might have affected the jury's decision on whether the victim identified defendant because she recalled the robber's appearance at the time of the robbery or because she saw defendant wearing her medallion nine months later, the error was not harmless beyond a reasonable doubt.
For these reasons, the conviction and sentence are reversed, and the case is remanded to the trial court for further proceedings.
WATSON and MARCUS, JJ., dissent and assign reasons.
MARCUS, Justice, dissenting.
I agree that the trial judge erred in refusing to permit defendant to recall the victim to the stand in order to lay the foundation for the impeachment of the victim with her allegedly inconsistent statements *727 to the prosecutor. However, two witnesses did testify that they heard the victim say that the robber had scars and marks on his arms as if he were a drug user and that she could not identify his facial features because he had grabbed her from behind without her seeing his face. The testimony of the additional witness to the effect that the victim had made similar inconsistent statements to the prosecutor would have been merely cumulative. Therefore, the trial judge's refusal to recall the victim to the stand for the purpose of laying a foundation for the further impeachment of the victim's testimony was harmless error. Accordingly, I dissent from the reversal of defendant's conviction and sentence.
WATSON, Justice, dissenting.
From the opinion of the majority, I respectfully dissent. Although it is true that the defense was not allowed to recall the victim for questioning, I do not find that this unfairly prejudiced defendant's right to present a defense. The defense was prevented from questioning the victim as to a conversation she allegedly held with the prosecutor during which she expressed doubt about her identification of the defendant. Two witnesses testifying on behalf of the defense stated that they were told by the victim shortly after the robbery occurred that she could not identify the defendant's face as he had grabbed her from behind. Any statement of similar content made to the prosecutor would be of a cumulative nature, and the failure to enter such statement into the record fails to rise to the level of reversible error. While the majority opinion notes that the state's case "depended almost entirely on the victim's first identification," there was sufficient other evidence, including the courtroom identification of defendant and the seizure of the monogram ring from his person at the time of his arrest, to support the verdict of the jury convicting the defendant.
I must therefore dissent from reversing the conviction.
NOTES
[*] Blanche, J., retired, participated in this case ad hoc in place of Cole, J., the matter having been heard and submitted before Justice Cole replaced Justice Blanche on the Court.
[1] The victim's father and sister identified defendant as the person wearing the medallion in the game room, but were not present at the robbery when the medallion was taken.
[2] La.R.S. 15:493 provides:

"Whenever the credibility of a witness is to be impeached by proof of any statement made by him contradictory to his testimony, he must first be asked whether he has made such statement, and his attention must be called to the time, place and circumstances, and to the person to whom the alleged statement was made, in order that the witness may have an opportunity of explaining that which is prima facie contradictory. If the witness does not distinctly admit making such statement, evidence that he did make it, is admissible."
[3] Article 613 of the Proposed Louisiana Code of Evidence retains the foundation requirement of La.R.S. 15:493 for the admissibility of prior inconsistent statements by a witness, but creates an exception "as the interests of justice otherwise require", similar to the exception in Fed.R. Evid. 613(b). Comment (c) in the Proposed Code notes that the purpose of the general rule is not to exclude evidence, but to require a foundation.
[4] Allowing or denying a request to recall a witness generally lies within the sound discretion of the trial judge, but that discretion may be abused when it is exercised without sound reasons. Here, the prosecutor did not even object to the questions concerning the victim's statement to the prosecutor, and the only apparent reason to disallow the recall was the "forgiveable circumstance [that defense counsel] failed to lay the necessary foundation". Pugh & McClelland, supra.