ON APPLICATION FOR REHEARING
PER CURIAM.
The State has applied for a rehearing, aggrieved that we noticed but did not correct the sentencing error favorable to defendants. Although it mentioned the error in its appellate brief and called for correction, the State has not appealed, answered defendants’ appeal, or otherwise sought review of the sentences.
The State relies on State v. Fraser, 484 So.2d 122 (La.1986), particularly footnote 5 on Page 124, as authority for this court to change the defendants’ sentences. Footnote 5 does not grant authority to change a sentence on appeal, however, but only states that when an appellate court has such authority it should make a non-discretionary sentence change rather than remand the case.
In State v. Fraser, supra, the Supreme Court addressed the basic procedural concepts regarding appellate court review of criminal convictions and sentences. The court held that “... the amendment to [La.C.Cr.P.] Article 882 did not affect these basic procedural concepts, nor did it modify our holding in the Jackson case [State v. Jackson, 452 So.2d 682 (La.1984)].” The court reasoned, “Correction of a patent error, when the error is favorable to the only *634 appellant, is contrary to the basic precepts of appellate practice and procedure, because a sole appellant’s position should not be worsened by his having appealed.” 484 So.2d at 125. Furthermore, the court observed, “It is the prosecutor’s duty to protect the state’s interest in obtaining adequate sentences, and the criminal justice system suffers no detriment from the application of time-honored procedural rules which require the parties, and not the appellate court, to complain of some dissatisfaction with the judgment of the lower court in order to obtain any favorable change in the judgment on appeal.” Id. (Emphasis in the original).
In order to seek review of defendants’ sentences, the prosecutor could have filed a motion to correct the sentences in the trial court, answered defendants’ appeals, or applied for writs of review. Absent one of these procedural devices, the State cannot have the sentences corrected simply by raising the issue in its appellate brief. A brief is not a proper procedural device by which to seek review.
Accordingly, the application for rehearing is denied.