STATE OF LOUISIANA         *        NO. 2022-KA-0607

VERSUS                  *        COURT OF APPEAL

MARVIN SANTIAGO        *        FOURTH CIRCUIT

                              *        STATE OF LOUISIANA

                              *

                              *

* * * * * * *

*JCL*

**LOBRANO, J. DISSENTS AND ASSIGNS REASONS.**

I respectfully dissent from the majority opinion.

I agree with the majority that Marvin Santiago ("Defendant") and the State were each entitled to twelve peremptory challenges but that each only used six peremptory challenges. However, I find that Defendant's attorney failed to place an objection to the limitation of peremptory challenges during voir dire before the jury was selected and sworn, as required by law, thereby failing to preserve a review of the error for appeal under a reversible and harmless error analysis. Moreover, the majority erred in reviewing Defendant's claims under a *Strickland*[1] deficient and prejudicial analysis because I find that a full evidentiary hearing is necessary to determine if Defendant met his burden of proof to establish ineffective assistance of counsel. The majority erred in making such reviews in this case and failed to recognize the importance of the contemporaneous objection rule and the shifting of the burden of proof from the State to a defendant for failure to place a proper objection.[2]

_____

[1] *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

[2] In order to prevail on a claim of ineffective assistance of counsel, the defendant has the burden of proof to show that counsel's performance was deficient and that he was prejudiced by the deficiency. *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064. On the other hand, under a harmless error

1

Louisiana Code of Criminal Procedure article 841 provides that an irregularity or error cannot be raised on appeal unless an objection was made at the time of the occurrence. This Court has recognized that "[w]ith regard to alleged errors during the jury selection process, any objection must be made before the jury is selected and sworn." *State v. Miskell*, 95-1568, pp. 5-6 (La. App. 4 Cir. 5/15/96), 676 So.2d 1092, 1095 (citing *State v. Torres*, 580 So.2d 1064, 1067-68 (La. App. 4th Cir. 1991)). In *Torres*, the defendant claimed that the district court erred in allowing the State to exercise fourteen peremptory challenges. This Court held that the defendant was precluded from raising this issue on appeal because he had failed to make a contemporaneous objection during voir dire. *Torres*, 580 So.2d at 1067-68. Under C.Cr.P. 841 and the jurisprudence, the defense cannot raise this issue on appeal because it failed to make a contemporaneous objection during voir dire.

When the defense attempted to exercise a peremptory challenge against Juror Sereigne, defense counsel asked if he "still ha[d] one more [peremptory challenge]," to which the district court responded, "No. You're out. You had six." The defense did not object at this time to the district court's disallowance of the peremptory challenge. Notably, in his appellate briefs, Defendant states that defense counsel "followed along" and "acquiesce[d]" in the district court's limitation of peremptory challenges and "only raised the issue by objection after the jury had been seated and sworn." Moreover, once the error of the district court was discovered after voir dire, the defense decided to proceed with the trial and await the jury verdict instead of filing a supervisory writ to object to the district court's denial of a mistrial.

---

review, applicable to claims for deprivation of a peremptory challenge, the State has the burden of proof to show that the jury's verdict was unattributable to the error. *See State v. Lewis,* 12-1021, pp. 13, 15-16 (La. 3/19/13), 112 So.3d 796, 804, 805; *State v. Wilson*, 12-1765, p. 19 (La. App. 4 Cir. 2/12/14), 138 So.3d 661, 675. The majority opinion will encourage astute defense attorneys to circumvent the contemporaneous objection rule by placing an unclear tacit objection and await the jury verdict and, if unfavorable, appeal the conviction, thereby obtaining a favorable burden of proof.

The majority improperly concludes "Defendant tacitly objected during voir dire. This implicit objection occurred when defense counsel attempted to exercise a seventh peremptory challenge to remove Juror Sereigne and the trial court erroneously disallowed that challenge by declaring that Defendant had exhausted his peremptory challenges." The contemporaneous objection rule does not allow a "tacit" or "implicit" objection.

The contemporaneous objection rule not only requires a contemporaneous objection but also that the party articulate the basis of the objection. La. C.Cr.P. art. 841(A) ("It is sufficient that a party, at the time the ruling or order of the court is made or sought, makes known to the court the action which he desires the court to take, or of his objections to the action of the court, and the grounds therefor."); *State in Int. of C.H.*, 21-0516, p. 18 (La. App. 4 Cir. 1/26/22), 335 So.3d 451, 462.

One of the purposes of the contemporaneous objection rule is "to put the trial judge on notice of the alleged irregularity so that he may cure the problem." *State v. Marshall*, 22-0145, p. 34 (La. App. 4 Cir. 6/15/22), 342 So.3d 1029, 1050, quoting *State v. Thomas*, 427 So.2d 428, 433 (La. 1982). Had Defendant lodged a contemporaneous objection to the district court's denial of his peremptory challenge, articulating the basis of his objection, the district court could have remedied the irregularity by allowing the challenge and further allowing the parties the full number of peremptory challenges. By not objecting, Defendant failed to put the district court on notice of the error so that the court could cure the error.

Another purpose of the contemporaneous objection rule is to prevent a defendant "from gambling for a favorable verdict and then resorting to appeal on errors that might easily have been corrected by objection." *Id.* The defense failed to seek a

3

supervisory writ to review the district court's denial of a mistrial and acquiesced in the district court's limitation of peremptory challenges to await the jury verdict.

Accordingly, I find that Defendant failed to timely object to the restriction on peremptory challenges and thus failed to preserve the issue for appeal under a reversible and harmless error analysis.

I further disagree with the majority's alternative conclusion that even if Defendant waived his right to challenge the number of peremptory challenges by his counsel's failure to timely object, such failure deprived him of effective assistance of counsel. The limited record before us fails to establish that Defendant has met his burden to show he was prejudiced. I would remand this matter to the district court for a full evidentiary hearing to determine if Defendant met his burden of proof to establish ineffective assistance under a *Strickland* deficient and prejudicial analysis.

Generally, the issue of ineffective assistance of counsel is a matter more properly addressed in an application for post-conviction relief, filed in the trial court where a full evidentiary hearing can be conducted. *State v. Rubens*, 10-1114, p. 58 (La. App. 4 Cir. 11/30/11), 83 So.3d 30, 66 (citing *State v. Howard,* 98-0064, p. 15 (La. 4/23/99), 751 So.2d 783, 802). Only if the record discloses sufficient evidence to rule on the merits of the claim do the interests of judicial economy justify consideration of the issue on appeal. *Id.* (citing *State v. Bordes*, 98-0086, p. 7 (La. App. 4 Cir. 6/16/99), 738 So.2d 143, 147). The majority improperly reviews this case as an out-of-time appeal under post-conviction relief without a proper hearing and making of a record for this Court to review.

A claim of ineffective assistance of counsel is to be assessed by the two-part test of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *Rubens*, 10-1114, p. 58, 83 So.3d at 66 (citations omitted). The defendant

must show that counsel's performance was deficient and that the deficiency prejudiced the defendant. Counsel's performance is ineffective when it can be shown that he made errors so serious that counsel was not functioning as the "counsel" guaranteed to the defendant by the Sixth Amendment. *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064. Counsel's deficient performance will have prejudiced the defendant if he shows that the errors were so serious as to deprive him of a fair trial. *Id.* To carry his burden, the defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*, 466 U.S. at 694, 104 S.Ct. at 2068. The defendant must make both showings to prove that counsel was so ineffective as to require reversal. *State v. Sparrow*, 612 So.2d 191, 199 (La. App. 4th Cir. 1992).

This Court has recognized that if an alleged error falls "within the ambit of trial strategy" it does not "establish ineffective assistance of counsel." *State v. Bienemy*, 483 So.2d 1105, 1107 (La. App. 4th Cir. 1986)(citations omitted). Moreover, as "opinions may differ on the advisability of a tactic, hindsight is not the proper perspective for judging the competence of counsel's trial decisions. Neither may an attorney's level of representation be determined by whether a particular strategy is successful." *State v. Brooks*, 505 So.2d 714, 724 (La. 1987).

A hearing is necessary to determine whether the defense "followed along" and "acquiesce[d]" in the district court's limitation of peremptory challenges to await the jury verdict, and, if so, whether this decision lies "within the ambit of trial strategy." The record on appeal is insufficient to dispose of Defendant's claim of the ineffective assistance of his trial counsel. Based on the limited record on appeal, I find that the district court should conduct a full evidentiary hearing on Defendant's ineffective

5

assistance of counsel claim and allow Defendant to present evidence to support his

allegations. Thus, I would decline to address the issue at this time on appeal.