753 So.2d 163 (1999)
Carol E. MANNING, et al.
v.
DILLARD DEPARTMENT STORES, INC.
No. 99-C-1179.
Supreme Court of Louisiana.
December 10, 1999.
*164 Randall M. Seeser, George Trippe Hawthorne, Gold, Weems, Bruser, Sues & Ledet, Alexandria, Counsel for Applicant.
Eugene A. Ledet, Jr., Rivers, Beck, Dalrymple & Ledet, Alexandria, Counsel for Respondent.
PER CURIAM.[*]
We granted certiorari in this case to consider whether the court of appeal erred in finding the defendant liable to the plaintiffs for injuries Carol Manning suffered while she shopped in defendant's store. For the reasons assigned, we reverse the judgment of the court of appeal and reinstate the judgment of the district court dismissing plaintiffs' suit.

FACTS AND PROCEDURAL HISTORY
The facts are not seriously disputed by the parties. On December 3, 1996, Yvette Sampratt presented a credit card to pay for merchandise she had selected in the Junior's Department of Dillard Department Store ("Dillard") in the Alexandria Mall. During the transaction, the cash register produced a code that was unknown to the clerk, who contacted Gerald Hale, the store's area general manager, for assistance. At the same time, Phoenix National Bank, the credit card issuer, contacted Dillard and informed an associate in the Customer Service Department that the card Ms. Sampratt was attempting to use had been reported stolen. After calling Phoenix to verify this information, Steven Wayne Hollabaugh, the store's Operations Manager, contacted Sergeant Sandra Murdock of the Alexandria Police Department, who was providing security for the store, to meet him in the Junior's Department.[1] Mr. Hollabaugh and Sergeant Murdock arrived in the Junior's Department at the same time, where Ms. Sampratt was still present. Sergeant Murdock asked Ms. Sampratt for identification. Ms. Sampratt was unable to produce any identification, *165 but claimed that she was the daughter of the cardholder. Sergeant Murdock asked Ms. Sampratt for her parent's telephone number, but the number provided by Ms. Sampratt did not answer.[2] Sergeant Murdock then asked Mr. Hollabaugh to obtain the cardholder's telephone number from the Customer Service Department.
When Mr. Hollabaugh returned from the Customer Service Department with the cardholder's telephone number, Sergeant Murdock, who was still with Ms. Sampratt in the Junior's Department, told Ms. Sampratt that the cardholder would have to authorize her purchase. Sergeant Murdock dialed the telephone number that Mr. Hollabaugh had given her, and while asking the cardholder for a description of his daughter, noticed that Ms. Sampratt became "uneasy." Sergeant Murdock nonverbally instructed Mr. Hale to move to a different area so that Ms. Sampratt would be unable to escape if she tried to run.
As Mr. Hale moved, Ms. Sampratt ran away from the cash register. Sergeant Murdock dropped the telephone and pursued her, followed by Mr. Hollabaugh and Mr. Hale. Ms. Sampratt ran approximately 150 feet, then stumbled in the aisle of the Children's Department, which adjoined the Junior's Department. As she did so, Ms. Sampratt ran into Carol Manning, causing Mrs. Manning to fall over a display table and injure her back. Ms. Sampratt fell to the floor and was arrested. The entire episodefrom the time Ms. Sampratt attempted to purchase the merchandise until the time she broke and ranlasted approximately ten minutes.
Mrs. Manning and her husband subsequently filed suit against Dillard. Following a bench trial, the district court dismissed plaintiffs' suit. The district court concluded that Dillard's external theft policy[3] reasonably insured the safety of its patrons, that Dillard complied with its policy on the day in question, and that Dillard was not negligent for failing to warn Mrs. Manning before the collision.
Plaintiffs appealed. The court of appeal reversed the judgment of the district court.[4] The court of appeal found no error in the district court's findings of fact, including the finding that Dillard complied with its external theft policy during the incident involving Ms. Sampratt. However, the court of appeal concluded that neither the policy nor the conduct of Dillard's employees was sufficient to prevent foreseeable harm to store patrons occasioned by fleeing shoplifters. The court of appeal awarded plaintiffs $20,000 in general damages, $4,534.11 in medical expenses, and $1,000 in lost income.
Upon Dillard's application, we granted certiorari to consider the correctness of the court of appeal's ruling.[5]

DISCUSSION
Louisiana courts have adopted a duty-risk analysis to determine whether a party is liable for negligence under the facts of a particular case. Mart v. Hill, 505 So.2d 1120 (La.1987). Generally, the owner or operator of a facility has the duty of exercising reasonable care for the safety of persons on his premises and the duty of not exposing such persons to unreasonable risks of injury or harm. St. Hill v. Tabor, 542 So.2d 499 (La.1989); Harris v. Pizza Hut of La., Inc., 455 So.2d 1364 (La.1984). However, a business establishment is not the insurer of its patrons' safety. Phillips v. Equitable Life Assurance Co., 413 So.2d *166 696 (La.App. 4th Cir.), writ denied, 420 So.2d 164 (La.1982).
Applying these precepts to the instant case, we conclude Dillard owed a duty to Mrs. Manning, as its customer, to take reasonable steps to guard her safety. Therefore, the narrow issue presented is whether Dillard's actions constituted a breach of that duty.
The record indicates that Dillard received information that the credit card Ms. Sampratt was attempting to use had been reported stolen. In compliance with the store's policy, Dillard's personnel did not openly accuse Ms. Sampratt. Instead, store personnel notified a police officer who was working a security detail in the store, who then took over the investigation. During the investigation, Ms. Sampratt was cooperative. Ms. Sampratt's ultimate decision to flee was not in response to any specific actions by Dillard's personnel; rather, it was a purely personal decision on her part.[6]
The district court concluded that Dillard did not breach its duty to Mrs. Manning, finding that Dillard acted reasonably and in compliance with the provisions of its external theft policy during its confrontation with Ms. Sampratt. This determination is supported by the record. Accordingly, the court of appeal erred in reversing the district court's judgment. We must reverse the judgment of the court of appeal and reinstate the judgment of the district court.

DECREE
For the reasons assigned, the judgment of the court of appeal is reversed. The district court's judgment dismissing the petition of plaintiffs, Carol E. Manning and Keith R. Manning, is reinstated. All costs in this court are assessed against plaintiffs.
NOTES
[*] Victory, J., not on panel. Rule IV, Part II, § 3.
[1] It was Dillard's practice to have a uniformed member of the Alexandria Police Department present in its store each day for security purposes.
[2] Although there was evidence that Ms. Sampratt was unable to provide a number, the trial judge found as a fact that she provided a number which did not answer.
[3] The store's policy concerning external theft (i.e., shoplifting, stolen credit card usage and other retail fraud) was:

(1) Never openly accuse the suspect;
(2) Contact security or call the police;
(3) Follow the instructions of the police.
[4] Manning v. Dillard Dep't Stores, Inc., 98-1767 (La.App. 3d Cir.3/24/99), 736 So.2d 268.
[5] Manning v. Dillard Dep't Stores, Inc., 99-1179 (La.7/2/99), 747 So.2d 3.
[6] The instant case is distinguishable from a case such as Brock v. Winn Dixie Louisiana, Inc., 617 So.2d 1234 (La.App. 3d Cir.), writ denied, 620 So.2d 848 (La.1993), where the actions of the store employees caused the suspect to flee, resulting in the suspect's colliding with a shopper. Likewise, this case is factually dissimilar from a case such as Bolden v. Winn Dixie, 513 So.2d 341 (La.App. 4th Cir.), writ denied, 514 So.2d 1177 (La.1987), where store personnel had knowledge that the suspect had shoplifted, but failed to adequately restrain the suspect pending arrival of the police. In the instant matter, there was no conclusive evidence that Ms. Sampratt had stolen the credit card she was attempting to use. Any attempt to restrain Ms. Sampratt could have exposed Dillard to civil liability if it ultimately turned out she was authorized to use the card.