STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

05-550

GERARD SIMON AND MONICA SIMON

VERSUS

FRANCOIS LACOSTE, ET AL.

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 20015906
HONORABLE MARILYN CARR CASTLE, DISTRICT JUDGE

**********

MARC T. AMY
JUDGE

**********

Court composed of Jimmie C. Peters, Marc T. Amy, and Elizabeth A. Pickett, Judges.

AFFIRMED AS AMENDED.

John W. Penny, Jr.
Post Office Box 2187
Lafayette, LA   70502
(337) 231-1955
COUNSEL FOR DEFENDANTS/APPELLEES:
    Allstate Insurance Company
    Francois Lacoste
    Abdon Callais Offshore, LLC

Carl J. Castille
Post Office Box 92404
Lafayette, LA   70509-2404
(337) 896-9656
COUNSEL FOR PLAINTIFFS/APPELLANTS:
    Gerard Simon
    Monica Simon

AMY, Judge.

The plaintiffs filed suit, seeking damages for injuries resulting from an automobile accident. After the defendants' liability for the accident was established, the issue of damages proceeded to trial. A jury awarded only a portion of the medical expenses claimed and damages for past, present, and future mental anguish, pain and suffering. The jury did not award any damages for the separate claim for loss of enjoyment of life or for the loss of consortium claim. The plaintiffs appeal. For the following reasons, we affirm as amended.

### Factual and Procedural Background

Gerard Simon alleges injuries as a result of a July 2, 2001 automobile accident. He contends that he was traveling on Interstate 10 when his Jeep Cherokee was struck by the Ford F-150 truck operated by Francois Lacoste, an employee of Abdon Callais Offshore. Mr. Simon contends that the accident occurred after Mr. Lacoste fell asleep at the wheel.

Mr. Simon did not feel that he was injured on the day of the accident. He explained, however, that he telephoned his family physician a few days later, after he began to experience pain. He described the pain as lower pelvic pain, back pain, neck pain, and left arm numbness. Mr. Simon stated that, after the medication prescribed by the physician was unsuccessful, he began treatment with a chiropractor, Dr. Tiffany Pratt. He explained that he saw Dr. Pratt for approximately a month before relocating to Houston, Texas.

After his move to Houston, Mr. Simon began treating with another chiropractor, Dr. Herbert Shapiro. After a period of time, Mr. Simon was referred to Dr. Jeffrey Jackson, a neurologist. Dr. Jackson first examined Mr. Simon in October 2001 and ultimately diagnosed thoracic outlet syndrome. Dr. Jackson prescribed

physical therapy. By April 2002, Dr. Jackson reported that Mr. Simon was slowly making progress. Mr. Simon saw Dr. Jackson for two final visits in May 2003 and June 2004.

Mr. Simon and his wife, Monica Simon, filed suit in November 2001, naming Mr. Lacoste, Abdon Callas Offshore, LLC, and Allstate Insurance Company as defendants. The defendants' liability for the accident was eventually established by summary judgment. The plaintiffs' claim for damages proceeded to trial, with a jury finding that Mr. Simon sustained injuries as a result of accident. The jury awarded $10,000.00 for past medical expenses and $5,000.00 for "past, present and future mental anguish, pain and suffering[.]" The jury made no award for the separate claim for loss of enjoyment of life.[1] The jury denied Mrs. Simon's claim for loss of consortium. The plaintiffs subsequently filed a motion for judgment notwithstanding the verdict and/or, alternatively, new trial. The trial court denied this motion.

The plaintiffs appeal, seeking an increase in the awards for past medical expenses and general damages. The plaintiffs also contend that the jury erred in failing to award damages for loss of consortium and in affording more weight to the defendants' choice of physician than to Mr. Simon's treating physician. Finally, the plaintiffs contend that the above-asserted errors reveal that the trial court should have granted their motion for judgment notwithstanding the verdict and/or new trial.

**Discussion**

*Medical Expenses*

Mr. Simon sought approximately $30,000.00 in past medical expenses. In addition to the treatment by Mr. Simon's treating neurologist, Dr. Jackson, the

---

[1] The jury also awarded $1,112.00 dollars on the plaintiff's claim for property damage, an issue not contested on appeal.

2

medical bills introduced into evidence indicate chiropractic care, physical therapy, and massage therapy. The defendants argued that Mr. Simon suffered only from a soft tissue injury that had primarily resolved by 2002. Thus, the defendants argued that fees incurred after this point should not be awarded and that much of the chiropractic care and massage therapy should also not be awarded. The jury awarded $10,000.00 in past medical expenses. Mr. Simon contends that this award was abusively low and seeks an increase to the amount claimed.

As explained in *Este' v. State Farm Insurance Co.*, 96-99 (La.App. 3 Cir. 7/10/96), 676 So.2d 850, a plaintiff may recover past medical expenses incurred due to injury. However, the plaintiff bears the burden of proving "that, more probable than not, the medical treatment was necessitated by trauma suffered in the accident." *Id.* at 857. Furthermore, when a plaintiff alleges that medical expenses were incurred "and that allegation is supported by a bill, unless there is sufficient contradictory evidence or reasonable suspicion that the bill is unrelated to the accident, it is sufficient to support the inclusion of that item in the judgment." *Id.* A factfinder errs if it fails to award the full amount of medical expenses incurred as a result of the accident and proven by a preponderance of the evidence. *Revel v. Snow*, 95-462 (La.App. 3 Cir. 11/2/95), 664 So.2d 655, *writ denied*, 95-2820 (La. 2/2/96), 666 So.2d 1084. This rule is applicable unless the claimed expenses were incurred in bad faith. *Id. See also Koehn v. Rhodes*, 38,941 (La.App. 2 Cir. 9/24/04), 882 So.2d 757; *Alexander v. Ford*, 03-887 (La.App. 5 Cir. 1/27/04), 866 So.2d 890; *Spangler v. Wal-Mart Stores, Inc.*, 95-2044 (La.App. 1 Cir. 5/10/96), 673 So.2d 676, *writs denied*, 96-1407, 96-1450 (La. 9/27/96), 679 So.2d 1353.

3

Our review of the record indicates that the jury erred in its award of $10,000.00 in medical expenses. The jury's award of damages evidences its acceptance that the accident caused an injury, albeit of a less severe injury than asserted by Mr. Simon. The jury was free to reject Mr. Simon's treating physician's diagnosis of thoracic outlet syndrome and also to reject the assertion that this condition would be a problem for the plaintiff in the future. However, even the defendants' examining physician, Dr. Stephen Goldware, recognized that Mr. Simon sustained injury. Dr. Goldware, a neurosurgeon, examined the Mr. Simon in October 2003 and explained that he suffered from a cervical strain and a mild irritation of the ulnar nerve on the left side. He denied that Mr. Simon suffered permanent nerve damage.

Although the defendants suggested to the jury that Mr. Simon should have ceased medical treatment earlier than he did or that massage and chiropractic care were perhaps excessive, there is no indication that the expenses were incurred in bad faith.[2] We also note that, although the defendants question the expenses associated with chiropractic care and massage therapy as not having been recommended by a physician, correspondence from Dr. Jackson to Mr. Simon's chiropractor dated October 8, 2001 reveals Dr. Jackson's observation that Mr. Simon would be continuing with both chiropractic care and massage therapy. Mr. Simon also testified regarding the treatment he received and presented the associated medical documentation. Finally, there is no "sufficient contradictory evidence or reasonable

---

[2] The defendants assert that Mr. Simon's injury was resolving by 2002 and that expenses after that point should not be awarded. Although the record indicates that Mr. Simon was improving by that time, he was not released by Dr. Jackson until May 2003. It is significant to note that the expenses incurred after December 2002, comprise only a fraction of the total expenses incurred. A reduction based on this argument does not account for the percentage of expenses awarded by the jury. Further, the defendants' physician, Dr. Goldware, did not examine Mr. Simon until October 2003. His statements indicate acceptance that Mr. Simon's condition had not resolved at that point. Although Dr. Goldware expressed optimism regarding Mr. Simon's prognosis, his testimony indicated acceptance that Mr. Simon's condition had not resolved at the time of the examination.

4

suspicion that the bill[s] [are] unrelated to the accident[.]" *Este'*, 676 So.2d at 857. Accordingly, the jury erred in failing to award the expenses proven to have been related to the accident.

Finding the jury's award in error, we amend the judgment to award those expenses that the record establishes were related to the accident. The majority of the expenses sought are supported by the documentation entered into evidence. The notable exceptions are two separate $525.00 payments to Therapy Supply House, for which there is no testimony, notation, or invoice indicating the nature of the supplies/equipment for which payment was made. Thus, we increase the award for past medical expenses to that proven in the record, $29,914.46.[3]

*General Damages*

Mr. Simon argues that the jury's award of $5,000.00 in general damages is inadequate and that this court should increase the award. Mr. Simon points out that during the period in which he received treatment, he underwent a variety of tests and epidural treatments. He also performed daily stretches. Mr. Simon contends that he suffered daily neck pain and had over 200 health care provider visits.

A factfinder's award of general damages is afforded great discretion on review. *Bryan v. City of New Orleans*, 98-1263 (La. 1/20/99), 737 So.2d 696. Only in the event that an award is "beyond that which a reasonable trier of fact could assess for the effects of the particular injury to the particular plaintiff under the particular circumstances that the appellate court should increase or reduce the award." *Youn v.*

---

[3] This award is comprised of the following: MRI Diagnostic, $984.00; Doctor's Surgical Center, $2680.00; Genuine Touch Clinic, $3480.00; Greater Houston Anesthesiologist, $1176.20; Houston Radiology Association, $74.00; Dr. Jeffrey Jackson, $2794.68; Dr. Michael McCann, $434.18; Methodist Hospital, $449.91; Multisport Health Center, Inc., $1700.00; Pratt Family Chiropractic, $1989.72; Prescriptions, $441.87; Dr. Herbert Shapiro, $4818.78; Spinal Therapy Institute, $7692.20; Sugarland MRI & Diagnostics, $672.92; Therapy Supply House, $358.00; Vascular Diagnostic Lab, $168.00.

*Maritime Overseas Corp.*, 623 So.2d 1257, 1261 (La.1993). After finding that a general damages award is unreasonable, the appellate court is required to lower or raise the award to the highest or lowest point that was within the trier of fact's discretion. *Coco v. Winston Indus., Inc.*, 341 So.2d 332 (La.1976).

Although Mr. Simon requested a total of $490,000.00 in general damages during closing arguments, the jury awarded only $5,000.00. This award evidences a rejection of Mr. Simon's account of the severity of his injury and the degree of associated pain. Certainly the jury was not required to find that he suffered from pain as described, that his activities were curtailed to the degree alleged, or that recommended stretching exercises were as burdensome as asserted. While the jury was not required to accept Mr. Simon's testimony regarding the extent of his pain or disruption in his life, the evidence demonstrates that, in the least, the plaintiff suffered a soft tissue injury lasting over two years. Dr. Goldware explained that with regard to future activities, he would advise the plaintiff "to be a little careful with [h]is neck and to exercise but not overdo it until he got over his soft tissue complaints." He denied that there were specific restrictions, but stated that he would tell him to be "moderate and graceful." Given evidence of a soft tissue injury that lasted in excess of two years and the treatments administered, including epidural treatments, we find that the jury's award of $5,000.00 is abusively low.

After review of the record in light of the standard set forth in *Coco*, 341 So.2d 332, we conclude that $15,000.00 is the lowest point that was within the jury's discretion. Accordingly, we raise the award of general damages to $15,000.00.

*Weight Afforded Physician's Testimony*

Inherent in the above discussion regarding general damages is a recognition that the jury was able to afford more weight to the testimony of the defendants' choice of physician, Dr. Goldware, over that of Mr. Simon's treating physician, Dr. Jackson. In a separate assignment of error, Mr. Simon asserts that the jury erred in doing so, noting Dr. Jackson's long-term treatment of him and his expertise in the field. However, this type of factual determination and weighing of the evidence is clearly within the province of the trier of fact. *See Miller v. Clout*, 03-91 (La. 10/21/03), 857 So.2d 458. Accordingly, this argument lacks merit.

*Loss of Consortium*

Next, the plaintiffs question the jury's conclusion that Mrs. Simon did not suffer a loss of consortium. The plaintiffs observe that they had been married only a year and a half at the time of the accident and that Mrs. Simon testified as to negative changes in her husband's attitude after the accident. She further testified as to the demands of his at-home stretching exercises. Given this testimony, the plaintiffs seek an award for Mrs. Simon's loss of consortium.

As explained in *Mathews v. Dousay*, 96-858 (La.App. 3 Cir. 1/15/97), 689 So.2d 503, 515, "[t]he compensable elements of damage in a claim for loss of consortium include loss of society, sex, service, and support." The consideration of whether a party is entitled to damages for loss of consortium is a question of fact and, accordingly, will not be overturned absent manifest error. *Id.*

Mrs. Simon explained that her husband became moody and irritable after the accident. She also testified that she was concerned about the accumulating medical expenses during his treatment. Although the jury would have been free to award Mrs.

7

Simon damages for loss of consortium as a result of the accident, we do not conclude that it was manifestly erroneous for it to have found that she failed to prove entitlement to this type of recovery. In addition to the credibility determinations inherent in the evaluation of Mrs. Simon's testimony, we note that, although personal injuries tend to decrease a party's happiness, the burden of proving that a definite loss occurred remains with the plaintiff. *Mathews*, 689 So.2d 503. We conclude that the jury was not manifestly erroneous in finding that the plaintiffs failed to meet this burden.

This assignment lacks merit.

## DECREE

For the foregoing reasons, the judgment is amended to reflect a $29,914.46 award for past medical expenses and a $15,000.00 award for general damages. The judgment is affirmed as amended. All costs of this proceeding are assessed to the defendants, Francois Lacoste, Abdon Callais Offshore, LLC, and Allstate Insurance Company.

**AFFIRMED AS AMENDED.**