STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 06-267


LEEANNA VANDERWATER

VERSUS

MATTHEW R. LEMMONS, ET AL.


\*\*\*\*\*\*\*\*\*\*


APPEAL FROM THE
PINEVILLE CITY COURT
PARISH OF RAPIDES, NO. 4-0364
HONORABLE JESSE PHILLIP TERRELL, JR., CITY COURT JUDGE


\*\*\*\*\*\*\*\*\*\*


BILLY HOWARD EZELL
JUDGE


\*\*\*\*\*\*\*\*\*\*


Court composed of Sylvia R. Cooks, Jimmie C. Peters, and Billy Howard Ezell, Judges.


AFFIRMED.


**Thomas Overton Wells**
**Attorney at Law**
**1254 Dorchester Drive**
**Alexandria, LA 71315**
**(318) 445-4500**
**Counsel for Plaintiff/Appellee:**
**Leeanna Vanderwater**

**Paul Mantle Lafleur**
**Hughes & Lafleur**
**P. O. Box 1831**
**Alexandria, LA 71309-1831**
**(318) 443-4090**
**Counsel for Defendant/Appellant:**
**State Farm Mutual Automobile Insurance Company**

**EZELL, JUDGE.**

State Farm Mutual Automobile Insurance Company appeals a general damage award of $27,500.00 to Leeanna Vanderwater. Ms. Vanderwater was injured when State Farm's insured, Matthew Lemmons, rear-ended the vehicle she was a passenger in while it was stopped waiting to make a left turn. State Farm also appeals the award of medical expenses incurred by Ms. Vanderwater in seeing Dr. Wayne J. Naimoli.

## FACTS

This appeal concerns an accident that occurred on February 27, 2004. Previously, Ms. Vanderwater had been involved in another accident in December 2003. As a result of the 2003 accident, Ms. Vanderwater suffered back and neck injuries. Ms. Vanderwater claimed that the 2004 accident aggravated her back and neck injuries and that she now experiences numbness in both of her legs.

Trial in this matter was originally set for March 11, 2005. Ms. Vanderwater was granted a continuance so she could obtain some medical records from a neurologist that she had recently seen in Kentucky. In May 2004, after the 2004 accident, Ms. Vanderwater got married and moved to Kentucky.

The case went to trial on October 21, 2005. Following the hearing, the trial court ruled that Ms. Vanderwater "was credible in all aspects of her testimony." It found that the neck and back problems from the previous accident had resolved and were aggravated by the 2004 accident. The court awarded general damages in the amount of $27,500.00 and medical expenses in the amount of $5,547.32.

State Farm appealed the judgment. It argues that the award of general damages is too high. It further disputes the award of $1,153.00 in medical expenses incurred by Ms. Vanderwater in seeing Dr. Wayne Naimoli.

1

## DAMAGES

State Farm initially claims that the trial court awarded excessive damages. State Farm argues that an award of $27,500.00 for an aggravation of Ms. Vanderwater's previous injuries is not appropriate.

In *Andrus v. State Farm Mutual Automobile Insurance Company*, 95-801, p. 8 (La. 3/22/96), 670 So.2d 1206, 1210 (citations omitted), the supreme court stated:

> In appellate review of general damage awards, the court must accord much discretion to the trial court judge or jury. The role of an appellate court in reviewing awards of general damages is not to decide what it considers to be an appropriate award, but rather to review the exercise of discretion by the trial court. Only if the reviewing court determines that the trial court has abused its "much discretion" may it refer to prior awards in similar cases and then only to determine the highest or lowest point of an award within that discretion.

> Because discretion vested in the trial court is "great," and even vast, an appellate court should rarely disturb an award of general damages. Reasonable persons frequently disagree about the measure of general damages in a particular case. It is only when the award is, in *either direction*, beyond that which a reasonable trier of fact could assess for the effects of the particular injury to the particular plaintiff under the particular circumstances that the appellate court should increase or reduce the award.

We further note that "[a] [tort-feasor] is responsible for injuries caused by his negligence, even if the extent of the injury is an aggravation of a pre-existing injury or condition." *Menard v. Federated Mut. Ins. Co.*, 05-85, p. 1 (La.App. 3 Cir. 6/22/05), 906 So.2d 746, 748, *writ denied*, 05-1925 (La. 3/10/06), ___ So.2d ___.

Ms. Vanderwater was treated by Dr. Gerald Leglue following her 2003 accident. At that time she suffered with neck pain and lower back pain. On the day of the 2004 accident, Ms. Vanderwater was seen by the physical therapist. She was still experiencing pain in the neck and back region, but it was better.

On the evening of the 2004 accident, Ms. Vanderwater was treated at St. Francis Cabrini Hospital in Alexandria. She reported that she had a flare-up of pain

2

in her neck and back, the same area of her previous injury.

Ms. Vanderwater returned to see Dr. Leglue on March 2, 2004. She reported that she was feeling better until this car accident. As a result of the 2004 accident, Ms. Vanderwater stated that the pain "got really bad." She described it as non-stop pain. She also reported that she had noticed clumsiness in her legs and feet at that time.

Dr. Leglue's March 11, 2004 note indicates that Ms. Vanderwater reported worsening of the symptoms that she suffered prior to this accident. She continued to note intermittent left upper extremity paresthiesias as well as low back pain, neck pain, and headaches. He diagnosed her with acute cervical strain, muscle contraction headaches, lumbar facet joint sprain, and possible lumbar strain. He placed her on Vioxx, the same medication she was taking previously, as well as Vicodin and prescribed a course of physical therapy.

On March 16, 2004, Ms. Vanderwater reported to the physical therapist that she suffered numbness off and on in the right anterior thigh. She indicated increased pain levels compared to the visit before the accident occurred. As of March 30, Ms. Vanderwater did report that she was feeling better. Her pain had decreased but there was still numbness off and on in the right thigh. She reported the same numbness to the physical therapist on April 4, 2004.

Obviously, Ms. Vanderwater did not seek any treatment following her move to Kentucky until she went to see Dr. Naimoli in May and June of 2005 for the numbness in her legs. Dr. Naimoli conducted some tests which did not indicate a problem. Dr. Naimoli did recommend an MRI which had not been performed because Mrs. Vanderwater stated that she did not have the money to pay for it.

3

At trial, Ms. Vanderwater testified that her old injuries worsened with the 2004 accident. She also stated that both her legs went numb. Ms. Vanderwater explained that her neck and back continue to hurt and there is pain in her legs every day. Ms. Vanderwater stated that the condition has emotionally disturbed her and affects her ability to participate in some activities with her new husband.

After carefully reviewing the record, we find that the trial court did not abuse its discretion in awarding Ms. Vanderwater $27,500.00 in general damages. We, therefore, affirm the award of general damages.

## MEDICAL EXPENSES

State Farm disagrees with the award of medical expenses incurred by Ms. Vanderwater in seeing Dr. Naimoli. It claims that there is no evidence that these charges are related to the 2004 accident.

"[W]hen a plaintiff alleges that medical expenses were incurred 'and that allegation is supported by a bill, unless there is sufficient contradictory evidence or reasonable suspicion that the bill is unrelated to the accident, it is sufficient to support the inclusion of that item in the judgment.'" *Simon v. Lacoste*, 05-550, p. 3 (La.App. 3 Cir. 12/30/05), 918 So.2d 1102, 1104 (*quoting Este' v. State Farm Ins. Co.*, 96-99, p. 10 (La.App. 3 Cir. 7/10/96), 676 So.2d 850, 857).

The medical records supports Ms. Vanderwater's claim that she began experiencing numbness, at least in her right leg. At trial she testified that she indicated to Dr. Leglue that she had numbness in her legs following this accident. The trial court found Ms. Vanderwater to be credible and obviously believed that she experienced numbness in her legs which needed further exploration. We find no error in the award of $1,153.00 as medical expenses incurred in seeing Dr. Naimoli.

4

For the reasons expressed in this opinion, the judgment of the trial court is affirmed. Costs of this appeal are assessed to State Farm Mutual Automobile Insurance Company.

**AFFIRMED.**