# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 07-203

ROSEMARY WATERS

VERSUS

BROOKSHIRE GROCERY COMPANY

**************

APPEAL FROM THE
ALEXANDRIA CITY COURT
PARISH OF RAPIDES, DOCKET NO. 101,398
HONORABLE RICHARD E. STARLING, JR., CITY COURT JUDGE

**************

## SYLVIA R. COOKS
## JUDGE

**************

Court composed of Sylvia R. Cooks, Glenn B. Gremillion, Elizabeth A. Pickett, John D. Painter and James T. Genovese, Judges.

Pickett, J.

Genovese, J. dissents and assigns written reasons.

**AFFIRMED, AS AMENDED.**

J. Morgan Passman
Walker & Passman, L.L.P.
P.O. Box 13020
3800 Parliament Drive
Alexandria, LA  71315-3020
(318) 445-4516
COUNSEL FOR APPELLANT:
    Brookshire Grocery Company

Steven P. Mansour
2230 South MacArthur Drive, Suite 1
P.O. Box 13557
Alexandria, LA  71315
(318) 442-4855
COUNSEL FOR APPELLEE:
    Rosemary Waters

**COOKS, Judge.**

Appellant, Brookshire Grocery Company, appeals the judgment of the Alexandria City Court finding it liable for the actions of its employees and awarding the plaintiff, Rosemary Waters, $30,000 in general damages. For the following reasons, we affirm, as amended.

## FACTS AND PROCEDURAL HISTORY

This case involves an accident which occurred when Plaintiff, Rosemary Waters, was injured while exiting a Super One Foods store located in Alexandria, Louisiana. While Plaintiff was leaving the store after making her purchases, an individual grabbed money out of a clerk's cash register and ran for the exit. Two store employees, Lavern Clark and James Valley, became aware of the incident and intercepted the fleeing man just as he was heading through the store exit. During the physical altercation, plaintiff, who was a month shy of her eighty-second birthday, was struck by shopping baskets and knocked into a metal pole.

As a result of the accident, Plaintiff contended she suffered injuries to her cervical, thoracic, and lumbar spine; a laceration of the left forearm; a contusion to the back of the head; an injury to her left knee; and various bruises over her body. Plaintiff filed a petition for damages against Brookshire Grocery Company, the owner of the Super One Foods store, in Alexandria City Court for the damages she sustained in the accident.

After a trial on the matter, the city court judge rendered judgment in favor of Plaintiff, setting forth the following reasons for its liability findings:

> The ultimate issue which must be addressed is whether the employees of the Super One exercised reasonable care for the safety of the patrons while physically confronting, restraining and engaging in a physical confrontation with a criminal suspect. The defendant's primarily rely on the *Manning* [*v. Dillard Department Store, Inc.*, 99-1179 (La. 12/10/99), 753 So.2d 163] case to absolve Super One from

liability. In *Manning*, the suspect attempted to flee, stumbled and fell into a shopper as he was running from employees who had detained the suspect. In this case the employees of Super One chased the suspect and in the process of the physical confrontation knocked either shopping baskets, or poles from the security gates at the entrance gate, into Ms. Waters. The court finds this to be a significant distinguishing factor and finds Super One employees failed to exercise reasonable care in protecting a patron from injury while attempting to recover property. The court is of the opinion that a merchant who invites patrons to his store, must make sure he can initiate a physical arrest and confrontation with a suspect in a manner that does [not] cause undue risk of harm to the patrons. The court does not believe that was done in this case. Accordingly, the court finds Super One responsible for the injuries sustained by Ms. Waters. The court does not reduce the recovery for the fault of the suspect since the duty to reasonable protect patrons while apprehending a suspect is the basis for liability, not the fact that the suspect may have simply initiated the chain of events leading to the plaintiff's injury.

The court awarded Plaintiff $30,000.00 in general damages along with special medicals totaling $4,149.33, all totaling $34,149.33.

Brookshire appealed the city court judgment, arguing its employees did not breach any duty owed to Plaintiff, that the city court judge erred in failing to assess fault to the fleeing thief, and that the damages awarded to Plaintiff were excessive.

## ANALYSIS

Louisiana courts have adopted a duty-risk analysis to determine whether a party is liable for negligence under the facts of a particular case. *Mart v. Hill*, 505 So.2d 1120 (La.1987). This court in *Brock v. Winn Dixie Louisiana, Inc.*, 617 So.2d 1234, 1237 (La.App. 3d Cir.), *writ denied*, 620 So.2d 848 (La.1993), discussed the duty store owners owe to their patrons:

> Store owners owe a duty to patrons to take reasonable care for their safety, although they are not the insurer of the patron's safety. *Butler v. K-Mart*, 432 So.2d 969 (La.App. 4th Cir.1983); *Phillips v. Equitable Life Assur. Co.*, 413 So.2d 696 (La.App. 4th Cir.1982), *writ denied*, 420 So.2d 164 (La.1982). Proprietors of public places have a duty to protect patrons from injuries caused by third parties when it is within their power to do so. *Cooper v. Ruffino*, 172 So.2d 717 (La.App. 4th Cir.1965).

A store owner's right to detain shoplifters and protect inventory must be balanced against the duty it owes to patrons to take reasonable steps to guard their safety, which may in certain instances include the harm occasioned by fleeing shoplifters. *Bolden v. Winn Dixie*, 513 So.2d 341 (La.App. 4th Cir.1987), *writ denied*, 514 So.2d 1177 (La.1987). When store owners undertake to exercise their "police-like" authority to detain shoplifters, they must do so with reasonable caution to avoid placing patrons in foreseeable danger.

As the trial court noted, appellant relies on *Manning v. Dillard Department Store, Inc.*, 99-1179 (La. 12/10/99), 753 So.2d 163, in support of its argument that it is free of liability in this matter. In *Manning*, a woman was detained in a department store while a possible stolen credit card was checked. When security for Dillard's attempted to phone the cardholder, the suspect fled down an eight-foot-wide aisle that was "somewhat crowded with Christmas shoppers." After running approximately 150 feet from the area where she had been detained, the suspect stumbled in the aisle and fell into a customer, who was standing at a table by the aisle The court in *Manning* found no liability because the patron was not injured due to any action of store personnel. The trial judge in the present case distinguished the present case from *Manning* because here the employees of Super One *chased* the suspect and in the physical confrontation that followed shopping baskets were knocked into Plaintiff and she was pushed into a pole at the entrance gate. "But for" the "tackling" of the fleeing thief, Plaintiff would not have been injured. Therefore, we agree with the trial judge that the facts in this case are distinguishable from *Manning*.

Clearly, the actions of the Super One employees contributed to the harm that befell Plaintiff. Although the testimony of Clark and Valley at trial attempted to downplay the physicality of the apprehension of the thief, Mr. Valley's statement, taken less than two weeks after the event occurred, indicated the thief was "wrestled" to the ground. As we stated in *Brock,* "[w]hen store owners undertake to exercise their 'police-like' authority to detain shoplifters, they must do so with reasonable

caution to avoid placing patrons in foreseeable danger." *Id.* at 1237. If a shoplifter is to be pursued in a store, then that pursuit must be done in such a way that it does not present an unreasonable risk of harm to customers. *See Bolden v. Winn Dixie*, 513 So.2d 341 (La.App. 4 Cir. 1987). Here, the trial court concluded the tackling of the thief by the store employees as he was exiting the store did not exercise reasonable care for the safety of its customers. After a review of the record and jurisprudence, we cannot say that conclusion was manifestly erroneous.

Appellant also argues that the lower court erred in failing to apportion some fault to the thief. The lower court chose not to assess fault because "the duty to reasonably protect patrons while apprehending a suspect is the basis for liability, not the fact that the suspect may have simply initiated the chain of events leading to the plaintiff's injury."

Plaintiff argues her injuries "resulted solely from the actions of the store employees." We cannot agree. Without the actions of the thief in grabbing money from a clerk's register and running for the exit, no actions by the store employees would have been necessary. While the store employees may have been improvident in their choice of action, it does not absolve the thief from fault. While we do not disagree that a cause in fact of Plaintiff's injuries was the store employees' failure to properly apprehend the fleeing thief, we find it difficult not to assess "some fault" to the thief. Thus, we assign forty percent (40%) as the lowest fault percentage attributable to the thief's conduct within reasonable range of the trial judge's discretion. *See Brock*, 617 So.2d 1234. Accordingly, the appellant's fault is reduced to sixty percent (60%).

Lastly, appellant argues the trial court's award of $30,000 in general damages is excessive. The standard for an appellate review of damages was established in

*Reck v. Stevens*, 373 So.2d 498 (La.1979) and confirmed in *Youn v. Maritime Overseas, Corp.*, 623 So.2d 1257 (La.1993), *cert. denied*, 510 U.S. 1114, 114 S.Ct. 1059 (1994). Those cases instruct that we cannot disturb a trial court's award of damages unless we find that the award constitutes an abuse of the trial court's discretion. After carefully reviewing the record, we find that the trial court did not abuse its discretion in its damage award. The trial court set forth the following reasons for rendering its damage award:

> Ms. Waters was 82 years old at the time of this accident. She immediately sought treatment at Rapides Regional Medical Center for a laceration to her left forearm along with complaints of pain to her left knee and the back of her head. She continued to have back and neck pain and she saw her family doctor on December 12, 2003. She also underwent an MRI on December 13, 2003. She was then seen by a neurosurgeon on January 7, 2004. She was then treated with physical therapy through February 25, 2004. She was still complaining of pain when she returned to Dr. Barton and Dr. Vaughn during the middle of September of 2004. Ms. Waters testified that she still was suffering pain related to this incident 2½ years later at trial. There was corroborating testimony at trial that Ms. Waters was quite active prior to this incident and the injury significantly compromised her lifestyle over the last 32 months. The court found Ms. Waters to be a very credible witness and believes she has suffered a significant reduction in her quality of life since the accident.

Our review of the record convinces us that the trial court thoroughly considered the individual circumstances of the subject case before making his award. While we, or another trier of fact, may have made a different award, we do not find the award so high as to shock our conscience or to be a clear abuse of the vast discretion afforded a trier of fact in making damage awards.

**DECREE**

For the foregoing reasons, the lower court judgment is amended to reduce Appellant's apportioned fault to sixty percent (60%). In all other respects the judgment is affirmed. Costs of this appeal are assessed equally to the parties.

**AFFIRMED, AS AMENDED.**

STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

07-203

ROSEMARY WATERS

VERSUS

BROOKSHIRE GROCERY COMPANY

**GENOVESE, J., dissents and assigns the following reasons.**

Based on the particular facts in this case, I disagree with the majority's reduction of Brookshire's fault. This was a factual determination, and there was no manifest error on the part of the trial court. Though the actions of the thief were a cause in fact, said actions were not the proximate or legal cause of plaintiff's injury. I would affirm the trial court as to the issue of liability.

As to the issue of damages, considering the medical evidence in the record, I find the trial court's award of $30,000.00 for plaintiff's injuries to be excessive and would reduce said award to $20,000.00.