984 So.2d 781 (2008)
Patrick BUSSEY
v.
DILLARD DEPARTMENT STORES, INC., John Doe and Jane Doe, & XYZ Insurance Company.
No. 2007 CA 1379.
Court of Appeal of Louisiana, First Circuit.
February 8, 2008.
Writ Denied May 2, 2008.
*782 Joan Malbrough, Houma, Louisiana, for Plaintiff/Appellant, Patrick Bussey.
J. Rene Williams, Houma, Louisiana, for Defendant/Appellee, Dillard's Dept. Stores, Inc.
William F. Dodd, Houma, Louisiana, for Defendant/Appellee, Jerry J. Larpenter, Terrebonne Parish Sheriff's Office.
Before GAIDRY, McDONALD, and McCLENDON, JJ.
McCLENDON, J.
Plaintiff appealed the trial court's dismissal of his suit for damages sustained when a shoplifting suspect, while fleeing from employees of the defendants, Dillard's, Inc. (Dillard's) and Sheriff Jerry Larpenter of the Terrebonne Parish Sheriffs Office (sheriff's office), collided with plaintiff.[1] We affirm.
In its reasons for judgment, the trial court found as follows:
And I think the testimony across the board, from both sides, there's no indication that this [suspect] was a flight risk. He didn't say anything. He was polite. He was cooperative. He never gave any indication that he would attempt to escape, and I think all the witnesses across the board concede that in this matter.
. . .
[T]he deputy testified that the mother [of the suspect] had called and was instructed when she got to Dillard's to call for directions.
The testimony [was that when] the phone rang[,] both the [sheriffs] deputy and the manager [of Dillard's] walked to the phone, and that's when the juvenile [suspect] took off running. . . . [T]he deputy had indicated that she told the juvenile that he was going to receive a citation, that in Terrebonne Parish[,] unless there is a felony[,] that they do not arrest juveniles, and on a juvenile citation, you need to have the parent there.
. . .
Based on the testimony we have, there is no indication, from the testimony, that the store employees would have done anything unreasonable as far as force, detention, anything that would have been outside of what would normally *783 be allowed in the questioning of someone suspected of shoplifting. I think the evidence is clear from the video that the juvenile at 5:16 p.m. accompanied the Dillard's employees to the back and that when the juvenile started to run, it was about 6:38, so the juvenile had been in custody for a period of time in excess of an hour.
. . .
Because what we have, in the Court's opinion, is everybody has complied with the legal procedure that the law authorizes them to conduct.
Dillard's acted appropriately. . . . The normal procedures in connection with the detention of a shoplifter [were] followed. And I think we have an added curve or a different factor because we have a juvenile.
So up to the point that the juvenile takes off and runs, in this Court's opinion, everything that has happened is reasonable. It is in accordance with law. It is in accordance with the legal procedures that the law allows the individuals to follow.
. . .
The juvenile was certainly running at a very rapid rate of speed. I don't see the Dillard's employee in the video. . . . Mr. Broussard [, the manager,] said, look, the juvenile wasn't even in sight.
. . .
[I]t certainly would appear that the juvenile could have avoided Mr. Bussey.
But given the circumstances, in this case, this Court is of the opinion that the causation of the injury, in this case, was the actions of the juvenile in this case and the manner in which he exited the store.
But even given that, the Court is of the opinion that certainly Dillard's and law enforcement would have an opportunity or would have an obligation to at least follow the juvenile to see where he went, to make sure that nobody was hurt given the fact that he was running. But up until the point that he decided to run, short of handcuffing him, which there was no justification for the deputy to do at that point of a compliant juvenile, the Court is of the opinion that the deputy did not have the right to handcuff him.
. . .
The Court is of the opinion that Dillard's and the sheriff's office satisfied their duties in accordance with law. The sheriff's office was in the process of issuing a citation to a juvenile, that the cause in fact in this particular case was the flight of the juvenile and the manner in which he fled and not the fact that the phone was answered.
. . .
Under the circumstances, the Court is of the opinion that the actions of the Defendants [in this suit] were reasonable. The court will deny recovery.

APPLICABLE LEGAL PRECEPTS
Louisiana courts have adopted a duty-risk analysis to determine whether a party is liable for negligence under the facts of a particular case. Generally, the owner or operator of a facility has the duty of exercising reasonable care for the safety of persons on his premises and the duty of not exposing such persons to unreasonable risks of injury or harm. However, a business establishment is not the insurer of its patrons' safety. Manning v. Dillard Department Stores, Inc., 99-1179, p. 3 (La.12/10/99), 753 So.2d 163, 165-166.
*784 Under LSA-C.C. art. 2320, an employer may be responsible for the negligent actions of its employees acting in the course and scope of their employment. This vicarious liability applies to law enforcement employers as well. See Jenkins v. Jefferson Parish Sheriff's Office, 402 So.2d 669 (La.1981); Duplantis v. Dillard's Department Store, XXXX-XXXX, pp. 3-4 (La.App. 1 Cir. 5/9/03), 849 So.2d 675, 678-79, writ denied, XXXX-XXXX (La.10/10/03), 855 So.2d 350.

ANALYSIS
Applying these precepts to the instant case, we conclude that Dillard's owed a general duty to Mr. Bussey, as its customer, to take reasonable steps to guard his safety. Once the sheriff's office became involved, it may also owe a duty to the customer. Therefore, the issue presented is whether the actions of the defendants constituted negligent breaches of any duty owed to the customer under the particular circumstances of the incident.
The minor suspected of shoplifting was dealt with by defendants, Dillard's and the sheriffs office, in a manner appropriate to his age and level of cooperation. The suspect was removed from the general shopping area of the store. He was polite and compliant. Once it was determined that the suspect was a juvenile, questioning ceased until the mother could be present, but defendants' employees remained in close proximity. The suspect did nothing that would have alerted Dillard's or the sheriff's office that the suspect was contemplating flight or that flight was imminent. He had been cooperative for more than an hour while waiting for his mother to arrive. Although the defendants' employees were momentarily distracted by the ringing of a nearby telephone, and the Dillard's manager and deputy both moved toward the telephone assuming the call was from the suspect's mother, another Dillard's employee remained near the suspect. Thus, the young suspect's "ultimate decision to flee was not in response to any specific actions by Dillard's personnel [or the sheriff's office]; rather, it was a purely personal decision on [his] part." Manning, 99-1179 at p. 4, 753 So.2d at 166. Finally, the trial court specifically found that the pursuit of the suspect, as he ran from the holding area and through the store, was conducted in a reasonable manner and was not an intimidating or reckless pursuit. In fact, Mr. Bussey testified that, before the pursuing defendants' employees reached Mr. Bussey, he had been knocked to the ground by the suspect, had risen, followed the suspect to the parking lot, and placed a call to the sheriff's office to make a report.[2]
From our thorough review of the record, we cannot say that the trial court was clearly or manifestly wrong in its credibility determinations. See Stobart v. State, Department of Transportation and Development, 617 So.2d 880, 882-83 (La. 1993). Based on those factual findings, the trial court concluded that Dillard's and the sheriffs office acted reasonably under the particular facts of the case and their acts did not constitute a negligent breach of any duty to the customer. The issue is not whether the defendants could have restrained the suspect in a manner that would negate all possibility of escape, but *785 whether the defendants' actions were reasonable under the circumstances presented to them. Again, from our review, we cannot say that the court's conclusion was an unreasonable one or one insufficiently supported by the record before us. See Manning, 99-1179 at p. 4, 753 So.2d at 166. When the trial court's decision is reasonable in the light of the entire record, the appellate court may not reverse. Stobart, 617 So.2d at 882-83.

CONCLUSION
For these reasons, we find no reversible error and we affirm the judgment of the district court. The costs of the appeal are assessed to plaintiff, Mr. Patrick Bussey.
AFFIRMED.
GAIDRY, J., concurs and assigns reasons.
GAIDRY, J., agreeing and assigning additional reasons.
While I agree with the majority's analysis and the result, I provide these additional reasons simply to clarify the well-settled point that there is no such legal entity as a "Sheriff's office"; there is only the Sheriff. It is the elected Sheriff, not the "Parish Sheriffs Office," that is the constitutionally-designated chief law enforcement officer of the Parish. The law of Louisiana affords no legal status to the "Sheriffs Office," so the department cannot sue or be sued, such status being reserved for the Sheriff. See Valentine v. Bonneville Ins. Co., 96-1382, pp. 4-5 (La.3/17/97), 691 So.2d 665, 668; Slocum v. Litchfield, 07-0006, p. 3 (La.App. 1st Cir.6/8/07), 964 So.2d 1006, 1007, writ denied, 07-1412 (La.10/5/07), 964 So.2d 943; Jenkins v. Larpenter, 04-0318, p. 2 n. 1 (La.App. 1st Cir.3/24/05), 906 So.2d 656, 657 n. 1, writ denied, 05-1078 (La.6/17/05), 904 So.2d 711. While Mr. Bussey initially used the term "Sheriff's Office" to designate the Sheriff in his petition, Sheriff Jerry Larpenter filed an exception asserting that the proper defendant is in fact "Honorable Jerry J. Larpenter, Sheriff for the Parish of Terrebonne." Mr. Bussey then amended his petition to name Sheriff Jerry Larpenter in his proper legal capacity. Simply on the grounds of style and accuracy, we as a court should not perpetuate the plaintiff's original technical error by improperly designating that defendant in our opinion.
NOTES
[1] Although originally named in the suit as Dillard Department Stores, Inc., the store, noting that the designation was incorrect, answered as Dillard's, Inc. The sheriff's office was named in an amending petition.
[2] The instant case is factually distinguishable from Brock v. Winn Dixie Louisiana, Inc., 617 So.2d 1234 (La.App. 3 Cir.), writ denied, 620 So.2d 848 (La.1993), and Bolden v. Winn Dixie, 513 So.2d 341 (La.App. 4 Cir.), writ denied, 514 So.2d 1177 (La.1987), the two cases cited by Mr. Bussey as authority for his position. We also note that both Brock and Bolden arose from other circuits and were handed down prior to the supreme court decision in Manning.