ROBERT M. MURPHY, Judge.
12Plaintiffiappellant, Sheila Joseph, appeals the amounts awarded to her by a jury for pain and suffering, and loss of enjoyment of life, for injuries arising out of an automobile accident. For the reasons that follow, we amend the jury's award of damages and affirm as amended.

FACTS AND PROCEDURAL HISTORY

Plaintiff, Sheila Joseph (“Joseph”), filed a lawsuit arising out of a rear-end collision that occurred with defendant, Gregory Nichols (“Nichols”), on October 25, 2012. On May 26, 2015, the matter proceeded to a jury trial. During trial, Joseph moved for a directed verdict as to liability and as to special damages. The trial court granted Joseph’s motion as to liability, finding defendants[1]100% at fault for the accident, and took Joseph’s motion for a directed verdict, as to causation of her injuries, under advisement. Thereafter, the jury returned a verdict awarding Joseph the full amount of her medical expenses ($20,-118.00) and $10,500.00 in general damages. In light of the jury’s verdict, the trial court found Joseph’s l.qmotion for directed verdict on causation to be moot. Joseph’s timely appeal now follows.

LAW AND ANALYSIS

On appeal, Joseph contends that the jury abused its discretion in only awarding her general damages in the amount of $10,500.00[2] because the uncon-troverted evidence established that the accident aggravated her pre-existing arthritic spine condition, caused her to seek 16 months of conservative care, , and inhibited her ability to fully participate in outdoor activities she formerly enjoyed.
*519 Conversely, appellees argue .that the jury did not abuse its vast discretion in its award of damages to Joseph, who was 57 years old at the time of the accident and 60 years old at the time of trial, in light of photographic evidence showing the “minor nature -of the impact between the plaintiff and defendant vehicle.” Appellees also assert that the jury’s assessment of Joseph’s credibility and resulting award of damages should not be disturbed.
Thb assessment of the appropriate amount of damages, by a trial judge or jury is a determination of fact, one entitled to great deference on review. Wainwright v. Fontenot, 00-0492 (La.10/17/00), 774 So.2d 70, 74. The role of an appellaté court in reviewing general damages is not to decide what it considers to be an appropriate award, but rather to review the exercise of discretion by the trier of fact. Id. (citing Youn v. Maritime Overseas Corp., 623 So.2d 1257 (La.1998), cert denied, 510 U.S. 1114, 114 S.Ct. 1059, 127 L.Ed.2d 379 (1994)). Before a Court of Appeal can disturb an award made by a factfinder, the record must clearly reveal that the trier of fact abused its discretion in making its award. Harvin v. ANPAC La. Ins. Co., 06-204 (La.App. 5 Cir, 10/17/06), 944 So.2d 648, 657-58, unit denied, 06-2729 (La.1/8/07), 948 So.2d 134 (citing Wainwright, supra). An ^appellate court may not overturn an award for damages unless it is so out of proportion to the injury complained of that it shocks the conscience. Harrington v. Wilson, 08-544 (La.App. 5 Cir. 1/13/09), 8 Sp.3d 30, 40.
In this case, Joseph’s uncontradicted testimony at trial[3] was that she led a very active lifestyle prior to the accident, and that she never experienced any pain in the areas of her body that were in pain after the accident. Joseph was diagnosed with rheumatoid arthritis 10 years prior to trial, but she - claimed that it only affected her right hand and ankle and that she had been in remission since it was diagnosed. Four-days after the accident with Nichols, Joseph first sought treatment for “intense pain and- spasms in her neck, back and shoulders” fi’om George Van Wormer, a chiropractor. :■ She treated with Van Wormer for one year and three months. She testified that Van Wormer discharged her from his care because she had reached “a plateau where [she] was able to manage.”
Van Wormer testified at trial regarding his treatment of Joseph after the accident. He concluded that Joseph sustained cervi-cál and lumbar sprain/strain, and muscle spasms in her neck and back as a result of the accident. Van Wormer sent Joseph for an MRI, which revealed a herniated lumbar disc and other normal degenerative changes. In March of 2014, Van Wormer determined that Joseph’s injuries had stabilized and that treatment was no longer reducing her pain. He discharged her and recommended, that she return if her symptoms worsened. Van Wormer testified that Joseph had an arthritic spine, due to rheumatoid arthritis and osteoarthritis, which were pre-existing conditions aggravated by the accident. Van Wormer testified that- at her last visit in March of 2014, Joseph indicated her pain was a two on a scale of one to ten, with one being no pain at all. - . . ■■
| RJoseph saw Dr. Bradley Bartholomew, a neurosurgeon, twice.[4] He diagnosed Joseph with lumbar degenerative disease with stenosis, and an aggravation of a preexisting degenerative disease, as a result *520 of the accident. Dr. Bartholomew prescribed Joseph muscle relaxers and recommended that she continue treating with Van Wormer. Joseph testified that, at the time of trial, she was still experiencing pain in her neck, back and shoulders that made it difficult to sleep. She said that she was no longer able to participate in 5Ks at the pace that she was previously able to, and instead, walked at those events. Joseph testified that she works as a nutritionist, and that she did not make a claim for lost wages because she was still able to work after her accident. Joseph claimed special damages as follows:
Van Wormer Healthcare (chiropractic care) $17,391.00
Dr, Bartholomew (neurosurgeon consultation) $ 952.00
Doctors Imaging (diagnostic testing) $ 375.00
Stand-up Open MRI (diagnostic testing) $ 1,400.00
Total $20,118.00
The discretion vested in the trier of fact is “great,” and even vast, so that an appellate court should rarely disturb an award of general damages. Youn, supra. Reasonable persons frequently disagree about the measure of general damages in a particular case. Id. It is only when the award is, in either direction, beyond that which a reasonable trier of fact could assess for the effects of the particular injury to the particular plaintiff under the particular circumstances that the appellate court should increase or reduce the award. Id. Only after finding that the lower court abused its discretion is a resort to prior awards by the appellate court appropriate, and then only for the purpose of determining the highest or lowest point which is reasonably within the discretion afforded that court. Id.
| Jn this case, Joseph testified that she experienced intense pain and muscle spasms in the months following the accident. She sought treatment from Van Wormer for 16 months following the accident, which she testified helped her pain improve to a two on a scale of one to ten by the end of her last visit with Van Wormer in March of 2014. Joseph testified that she still experienced pain at the time of trial. She did not seek any further treatment from Van Wormer after her last visit in March of 2014. As to the effect that her injuries sustained in the accident had on her life, Joseph testified that she cannot run in 5Ks at the same pace she previously enjoyed, and that she has trouble sleeping.
Considering the above facts set forth at trial, we find the general damage award to be so low as to constitute an abuse of discretion and, in fact, shocks the conscience. We have reviewed cases involving similar damages to determine what the lowest award should reasonably be, keeping in mind all of the particular circumstances of the case.
In Stoll v. Allstate Ins. Co., 11-1006 (La,App. 5 Cir. 5/8/12), 95 So.3d 1089, this Court found that the Stoll plaintiffs, Ms. Hurt and Mr. Stoll, had suffered soft tissue injuries for which they underwent conservative treatment for almost two years and which continued to cause pain at the time of trial, three |7years after the accident. This Court found an abuse of discretion in the jury’s award of $0 for general damages, given the unconverted testimony regarding defendant’s liability and, the same as in this case, the trial judge’s grant of a directed verdict in favor of the plaintiffs regarding the defendant’s liability. We then analyzed the following cases in order to raise the plaintiffs general damage awards to the lowest point within the trier of fact’s discretion:
Ms. Hurt established that she suffered, at the least, a soft tissue injury for which she underwent conservative *521 treatment for almost two years and which continued to cause pain at the time of trial, three years after the accident. In the absence of a disco-gram, which Ms. Hurt had refused to undergo, it was recommended that she continue treatment for chronic back strain. Plaintiff further testified that she continued to experience pain at the time of trial.
Mr. Stoll also established that he suffered, at the very least, a soft tissue injury for which he was treated for almost two years, and that he continued to suffer pain at the time of trial. In addition, because of his prior epileptic condition, he has developed a high tolerance to pain relievers which makes them ineffective.
In Crownover v. City of Shreveport, 43,521 (La.App. 2 Cir. 9/17/08), 996 So.2d 315, the appellate court affirmed an award of $25,000.00 to the elderly plaintiff who suffered a contusion to her left shoulder and cervical strain. She was treated for almost one year, and still suffered pain at the time of trial three and one half years later. As a result of the pain, she was limited in her daily activities and no longer drove a car.
In Holland v. State Farm Mut. Auto. Ins. Co., 42,753 (La.App. 2 Cir. 12/5/07), 973 So.2d 134, the plaintiff was injured in a rear end collision and suffered neck and back pain and migraine headaches. At the time of trial 15 months later, she was still experiencing pain. The trial court’s award of $15,000.00 was affirmed.
In Waters v. Brookshire Grocery Co., 07-203 (La.App. 3 Cir. 11/7/07), 969 So.2d 1287, an award of $30,000.00 given to an 82 year old plaintiff who suffered a laceration to her arm and injury to her knee and back was affirmed. The plaintiff continued to suffer pain two and one half years later, at the time of trial, and injury significantly impacted her lifestyle.
In Cole v. Allstate Ins. Co., 2007-1046 (La.App. 3 Cir. 6/5/08), 987 So.2d 310, writ denied, 08-1463 (La.10/31/08), 994 So.2d 535, the appellate court found that an award of $10,000 for neck and back sprain where the neck sprain resolved itself after two years, but the plaintiff continued to suffer chronic lower back pain was inadequate and it raised the award to $30,000.00.
In Simon v. Lacoste, 05-550 (La.App. 3 Cir. 12/30/05), 918 So.2d 1102, plaintiff suffered a soft tissue injury lasting over two years, for which he had multiple healthcare visits and epidural treatment. The appellate court found the jury award of $5,000 abusively low and raised it to $15,000.00.
In light of the above cases, we find that the lowest reasonable award to compensate Ms. Hurt in this matter is $15,000. In addition, we find that the medical expenses incurred by Ms. Hurt were reasonably related to the accident and that she is entitled to recover her medical expenses of $13,198.00.
IsWe also find that the lowest reasonable award to compensate Mr. Stoll is $15,000.00. In addition, we find that the medical expenses incurred by Mr. Stoll were reasonably related to the accident and that he is entitled to recover his medical expenses of $19,544.00.
In light of the Stoll case and the cases cited therein, and considering the totality of the record before us, we conclude the lowest reasonable amount the evidence will justify for pain and suffering is a total of $24,000.00, subtracting the amount previously awarded plaintiff, for an increase of $14,000.00, Similarly, under the facts of this case, we award $5,000.00 for loss of *522 enjoyment of life,[5] subtracting the $500.00 amount previously awarded by the jury, for an increase of $4,500.00.

DECREE

• Accordingly, the award of damages by the jury is hereby amended to increase the award by $18,500.00 in general damages for a total award of $29,000.00. We affirm the award for general damages as amended.
Finally, the judgment is affirmed in all other respects.

AMENDED: AFFIRMED AS AMENDED

. The owner of Nichols’ vehicle was Pathology Resource Network, L.L.C., which was insured by Netherlands Insurance Company. The owner of the vehicle, the owner’s insurance company and Nicholas were named defendants in the lawsuit. The jury was instructed that Gregory Nichols was the legal cause of the accident of October 25, 2012.

. This amount represents $10,000.00 for her pain and suffering, and $500.00 for loss of enjoyment of life.

. Defendants did not present any evidence during their case in chief.

. Dr. Bartholomew's video deposition was played for the jury.

. See, Mathews v. Dousay, 96-858 (La.App. 3 Cir.1/15/97), 689 So.2d 503; Basco v. Liberty Mui Ins. Co., 05-0143 (La.App. 3 Cir.8/17/05), 909 So.2d.660; Gradnigo v. Louisiana Farm Bureau Cas. Ins. Co., 80-1198 (La.App. 3 Cir.3/4/09), 6 So.3d 367; Lewis v. State Farm Ins. Co., 41,527 (La.App. 2 Cir.12/27/06), 946 So.2d 708.